**Henry Jason HERRERA, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 04–95–00530–CR.

Court of Appeals of Texas, San Antonio.

Jan. 10, 1996.

Mark Janssen, Hohn and Janssen, San Marcos, for Appellant.

Frank Follis, Assistant District Attorney, Seguin, for Appellee.

Before CHAPA, C.J., and HARDBERGER and GREEN, JJ.

OPINION

CHAPA, Chief Justice.

Appellant was tried by a jury and found guilty of obstruction. Punishment was assessed at nine years confinement and a five-thousand dollar fine. Appellant complains that the State engaged in improper voir dire and opening statement, that the jury charge was incorrect, and that the evidence was insufficient to support the jury's verdict. We affirm.

While appellant was incarcerated in the Guadalupe County jail on a separate offense, one of his cellmates became violent and belligerent with a detention officer. Additional officers were summoned to assist in restraining the unruly prisoner. When the additional detention officers arrived, the altercation escalated and appellant joined the fray. Appellant refused to cooperate as an officer attempted to subdue and restrain him. As a result of appellant's continued attempts to resist restraint, the officer was injured.

In his first point of error, appellant complains that the prosecutor's statements during voir dire were inappropriate because they resulted in an improper attempt to determine the attitudes of the potential jurors regarding specific facts of the case. The conduct of voir dire rests within the sound discretion of the trial court, and only an abuse of such discretion will warrant reversal based upon improper voir dire. *Clark v. State,* 608 S.W.2d 667, 669 (Tex.Crim.App. 1980). Permissible areas of questioning in order to exercise peremptory challenges are broad and should not be unnecessarily limited. *Shipley v. State,* 790 S.W.2d 604, 608 (Tex.Crim.App.1990). A question is proper if its purpose is to discover a juror's views on an issue applicable to the case. *Ex Parte McKay,* 819 S.W.2d 478, 482 (Tex.Crim.App. 1990). It is improper, however, to attempt to commit the jurors to the specific facts of the case as appellant suggests the prosecutor did in the present case. *See Cadoree v. State,* 810 S.W.2d 786, 789 (Tex.App.—Houston [14th Dist.] 1991, pet. ref'd); *Henry v. State,* 800 S.W.2d 612, 616 (Tex.App.—Houston [14th Dist.] 1990, no pet.).

In explaining the applicable law of obstruction to the potential jurors during voir dire, the prosecutor made a brief reference to what he anticipated the facts of the case would be. He was not addressing a particular venire member, nor was he attempting to commit the jurors as a body to believing a specific set of facts. Moreover, the prosecutor prefaced his entire voir dire by explaining to the potential jurors that anything said during voir dire could not be considered as evidence. Accordingly, the trial court did not abuse its discretion in overruling appellant's objection to the prosecutor's statement. Appellant's first point of error is overruled.

In his second point of error, appellant contends that the prosecutor's opening statement was improper in that it was unnecessarily specific regarding the facts of the

case. In reviewing whether improper comments by the prosecutor during opening statement constitute reversible error, the appellate court must determine whether, when viewed in conjunction with the record as a whole, the statement was so prejudicial as to deny appellant a fair trial. *Brockway v. State*, 853 S.W.2d 174, 176 (Tex.App.—Corpus Christi 1993, pet. ref'd); *Sweaney v. State*, 632 S.W.2d 932, 935 (Tex.App.—Fort Worth 1982, no pet.).

After reviewing the record in this case, we can find no indication that the prosecutor's statements were unduly prejudicial. The prosecutor simply set out the facts of the case for the jury, and prefaced his recitation of the facts by stating that he was giving an overview of what he anticipated the evidence would show. The statement was not abnormally detailed. The Code of Criminal Procedure provides that the prosecutor "shall state to the jury the nature of the accusations and the facts which are expected to be proved by the State in support thereof." Tex.Code Crim.Proc.Ann. art. 36.01(a)(3) (Vernon 1981); *Manning v. State*, 864 S.W.2d 198, 204 (Tex.App.—Waco 1993, pet. ref'd). In the present case, the prosecutor's opening statement is clearly within the bounds of Article 36.01(a)(3). Appellant's second point of error is overruled.

■ Appellant complains in his third point of error that the jury charge was incorrect because portions of it focused on the nature of appellant's conduct. Appellant contends that obstruction is a result oriented crime as opposed to a nature oriented crime; and therefore, any mention of the requisite mental state for the offense should be in reference to the result of appellant's action, not the action itself. At trial, appellant objected to the following paragraphs of the jury charge:

A person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result.

A person acts knowingly, or with knowledge, with respect to the nature of his conduct or to the circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist.

■ There are three elements of conduct which may be involved in an offense: (1) the nature of the conduct, (2) the result of the conduct, and (3) the circumstance surrounding the conduct. Tex.Penal Code Ann. § 6.03 (Vernon 1994). An offense may contain any one or a combination of these conduct elements which will form the overall behavior that the legislature intended to criminalize. *Cook v. State*, 824 S.W.2d 634, 638 (Tex.App.—Dallas 1991, pet. ref'd). In distinguishing between result oriented and nature oriented offenses, it is helpful to note that when a specific act is criminalized because of its very nature, a culpable mental state applies to committing the act itself and thus, the offense is nature oriented. *McQueen v. State*, 781 S.W.2d 600, 603 (Tex. Crim.App.1989). For example, gambling is a nature oriented offense, as the offense is committed if the actor intended to engage in the specific conduct of gambling, regardless of the result. *See id.* On the other hand, unspecified conduct that is criminalist only because of its result requires intent as to that result, and is therefore, a result oriented offense. *Id.* For example, murder is a result oriented offense, as the culpability lies in intending to kill a person, regardless of how the killing is effectuated. *Lugo–Lugo v. State*, 650 S.W.2d 72, 80–81 (Tex.Crim.App. 1983) (op. on reh'g).

■ Appellant does not cite nor do we find any cases which hold that obstruction is a result oriented crime. However, after a careful reading of Tex.Penal Code Ann. § 36.06, we conclude that obstruction is in fact a result oriented offense. Section 36.06(a)(2) provides that a person commits an offense if he intentionally or knowingly harms or threatens to harm another by an unlawful act in order to prevent or delay the service of another as a public servant. Tex.Penal Code Ann. § 36.06 (Vernon 1994). The mental state necessary to satisfy the elements of the offense are intent to cause harm or to threaten to cause harm and intent to prevent or delay the service of another. Intent to *engage in conduct* that results in the harm and the prevention or delay of a

public servant is not an element of obstruction. *Cf. Alvarado v. State,* 704 S.W.2d 36, 39 (Tex.Crim.App.1985) ("the injury to a child statute, like homicide and other assaultive proscriptions, does not specify the nature of the conduct"). Clearly then, the nature of the actor's conduct in committing obstruction is inconsequential to the commission of the crime. *See Cook v. State,* 884 S.W.2d 485, 489 (Tex.Crim.App.1994) (citing *Alvarado,* 704 S.W.2d at 39). The focus is on whether the conduct is done with the intent to effect the result specified in the statute. *See id.* That is, did the accused engage in action, regardless of what the action may have been, with the intent to harm and prevent or delay another as a public servant?

■ A jury charge which defines intentionally or knowingly as they relate to the nature of the conduct at issue is error where the offense charged is a result oriented offense. *Id.; see also Ybarra v. State,* 890 S.W.2d 98, 106 (Tex.App.—San Antonio 1994, pet. ref'd); *Fuller v. State,* 819 S.W.2d 254, 256 (Tex.App.—Austin 1991, pet. ref'd). Accordingly, the trial court erred in overruling appellant's objection to language in the jury charge referencing the nature of appellant's conduct. However, finding error in the jury charge begins, rather than ends the appellate court's inquiry. *Cook,* 884 S.W.2d at 491. We must now determine whether sufficient harm resulted from the error to require reversal. *Abdnor v. State,* 871 S.W.2d 726, 731–32 (Tex.Crim.App.1994).

■ Because appellant made a timely objection to the error in question, reversal is required if the error resulted in some harm to appellant. *Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App.1984). However, the harm suffered must be actual rather than theoretical. *Arline v. State,* 721 S.W.2d 348, 351 (Tex.Crim.App.1986). As the entire charge must be considered in performing this harm analysis, the court may consider the degree, if any, to which the culpable mental states were limited by the application portions of the jury charge. *Cook,* 884 S.W.2d at 492.

The application paragraph of the charge at issue reads as follows:

Now bearing in mind the foregoing instructions, if you believe from the evidence beyond a reasonable doubt, that the defendant, HENRY JASON HERRERA, on or about the 24TH day of JANUARY, 1995, in the County of GUADALUPE, and the State of Texas, as alleged in the indictment, did then and there intentionally or knowingly harm another, to-wit: STEVEN LANGFORD, by an unlawful act, to-wit: struggling with the said STEVEN LANGFORD to prevent or delay the service of the said STEVEN LANGFORD as a public servant, to-wit: Guadalupe County Detention Officer, you will find the defendant guilty of the offense of Obstruction as alleged in Count II of the indictment and so say by your verdict, but if you do not so believe, or if you have a reasonable doubt thereof, you will acquit the defendant and say by your verdict "Not Guilty".

The jury charge, when read as a whole, clearly limited the application of the required mental states to the results of the conduct. The charge prevented the jury from convicting appellant unless they found that he did intentionally and knowingly harm Steve Langford to prevent or delay Steve Langford's service as a public servant. As such, the jury's focus was properly directed to the result of appellant's conduct and not to the conduct itself. *See Morales v. State,* 853 S.W.2d 583, 585 (Tex.Crim.App.1993). When the jury charge is viewed in its entirety, the error complained of was not reasonably likely to mislead jurors into convicting appellant on an improper basis. *See Cantu v. State,* 842 S.W.2d 667, 691 (Tex.Crim.App.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 3046, 125 L.Ed.2d 731 (1993); *Turner v. State,* 805 S.W.2d 423, 430 (Tex.Crim.App.1991), *cert. denied,* 502 U.S. 870, 112 S.Ct. 202, 116 L.Ed.2d 162 (1991).

It is the burden of the appellant to persuade the reviewing court that he suffered some actual harm as a consequence of the charging error. *Abdnor,* 871 S.W.2d at 732. We find that the appellant has wholly failed to demonstrate that he was harmed as a result of the erroneous jury instruction. Accordingly, appellant's third point of error is overruled.

 In his fourth point of error, appellant contends that the evidence is insufficient to support the jury's verdict. In reviewing the sufficiency of the evidence, we must view all the evidence in the light most favorable to the verdict and determine whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Madden v. State,* 799 S.W.2d 683, 686 (Tex.Crim.App.1990), *cert. denied,* 499 U.S. 954, 111 S.Ct. 1432, 113 L.Ed.2d 483 (1991). The jury is the sole trier of fact, and it may judge the credibility of the witnesses, reconcile conflicts in the testimony, and accept or reject any or all of the evidence on either side. *Chambers v. State,* 805 S.W.2d 459, 461 (Tex.Crim.App. 1991).

In the present case, Detention Officer Steve Langford testified that on January 24, 1995, he was involved in an altercation with several prisoners at the Guadalupe County jail. When he entered the cell, he saw appellant on the floor, wrestling with another officer. Appellant was kicking and struggling in an effort to keep from being restrained and to prevent the detention officers from restraining his cellmate. Officer Langford placed handcuffs on appellant's wrists. As he did so, appellant flipped his body over and Officer Langford's hand was caught in the handcuff chain and injured. Officer Langford testified that when his hand was caught in the handcuff chain, an injury he had previously received to his hand was aggravated. Doctor Branson testified that he treated the injury to Officer Langford's hand.

 Appellant contends that the jury heard no testimony that he intentionally or knowingly harmed Steve Langford. He further argues that because there was testimony that Officer Langford's hand was injured prior to the incident in question, the evidence was insufficient to prove that appellant harmed Officer Langford. Intent may be inferred from the evidence. *Mott v. State,* 835 S.W.2d 256, 258 (Tex.App.—Dallas 1992, pet. ref'd). In this case, the jury made a reasonable inference that appellant intended to harm Officer Langford by his actions.

The jury further concluded that Officer Langford suffered harm when the existing injury to his hand was exacerbated. There was no evidence introduced that would indicate that Officer Langford's hand was not injured further in the struggle with appellant. The evidence presented is sufficient for a rational trier of fact to find appellant guilty of obstruction beyond a reasonable doubt. Appellant's fourth point of error is overruled.

The judgment of the trial court is affirmed.