NO. 12-04-00273-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
WINDEL LLOYD WILSON,                             §                 APPEAL FROM THE 
APPELLANT
 
V.                                                                         §                 COUNTY COURT AT LAW

THE STATE OF TEXAS,
APPELLEE                                                        §                 HENDERSON COUNTY, TEXAS
                                                                                                                                                            
MEMORANDUM OPINION
            Appellant Windel Lloyd Wilson was convicted on a charge of driving while intoxicated,
enhanced with one prior conviction of driving while intoxicated. Appellant raises three issues
complaining of improper introduction of evidence and improper argument by the State. We affirm.
 
Background
            Appellant, during an all day boating trip at the lake, drank numerous beers and took Vicodin
pills. At the end of the day, he attempted to drive his vehicle and trailer to the boat ramp. Damon
Boswell, a police officer for the Gun Barrel City Police Department, stopped Appellant after
observing him driving at a high rate of speed, pulling a trailer without lights, and crossing the center
stripe of Highway 334 eight times over the course of a mile. Three oncoming vehicles swerved to
avoid a collision with Appellant. After being stopped by Boswell, Appellant could not produce a
driver’s license, appeared intoxicated, swayed while standing, and admitted to drinking beer during
the day and taking two Vicodin pills. Boswell detected the odor of alcohol on Appellant and
observed a partially full open container of alcohol in Appellant’s vehicle.
            After a call from Boswell, Officer Terri Jones with the Gun Barrel City Police Department
administered field sobriety tests to Appellant. Appellant showed five of six clues on the horizontal
gaze nystagmus and three clues on the walk and turn. Boswell arrested Appellant for driving while
intoxicated. After transporting Appellant to jail, he read Appellant’s statutory rights to him,
informing him of his right to refuse to give a blood or breath specimen for determining whether he
is legally intoxicated. Boswell also warned Appellant that if he refused to give a specimen, his
motor vehicle license would be suspended for no less than ninety days and the fact that he refused
a specimen for testing may be admissible at trial. Appellant refused breath and blood tests. 
            Appellant was charged by information with driving while intoxicated, enhanced by one prior
conviction of driving while intoxicated. See Tex. Pen. Code Ann. § 49.04(a) (Vernon 2003). He
pleaded not guilty to the original charge. A jury convicted Appellant, and the court sentenced him
to 365 days of confinement, probated for two years, and assessed a $2,000.00 fine. This appeal
ensued.
 
Reading From Police Report
     Appellant complains in his first issue that the trial court erroneously allowed Officer Boswell
to read from his police report. 
Evidentiary Ruling
            In this case, Appellant objected when it appeared that Boswell’s memory was not refreshed
after reviewing his report and that he was essentially reading from it. The trial court implicitly
sustained his objection by telling the officer, “Testify from your memory please.” Appellant later
objected to the officer’s reading from his report, stating that a proper predicate had not been
established by the State. Appellant also objected at various times based on the officer’s reading from
the report, contending the report was hearsay. The court overruled the objection. 
            We need not determine whether Boswell’s reading from the police report was error because
the record shows that the same information to which Appellant objected was also admitted later in
Boswell’s testimony. Specifically, Boswell stated that he followed Appellant after observing him
driving a vehicle at a high rate of speed and towing a boat trailer that had no rear lights. As Boswell
was following the speeding vehicle, he noticed that it was being driven recklessly and it crossed the
center line eight times over the distance of a mile. Boswell also saw three different vehicles that
pulled to the side of the road to avoid being struck by Appellant. After Boswell stopped Appellant,
Appellant failed to produce a driver’s license, smelled of alcohol, swayed as he was standing, and
had an open container of alcohol within arm’s reach of him in his vehicle. When Boswell asked,
Appellant admitted that he had been drinking while boating all day and that he had taken two
Vicodin pills. Boswell then called for assistance from other officers to perform the field sobriety
tests. Based on those tests and his observations, Boswell believed Appellant was intoxicated and
arrested him.
            “Inadmissible evidence can be rendered harmless if other evidence at trial is admitted without
objection and it proved the same fact that the inadmissible evidence sought to prove.” Narvaiz v.
State, 840 S.W.2d 414, 430 (Tex. Crim. App. 1992). Therefore, even if the trial court erred in
permitting Boswell to read from the police report, his later testimony relating the same facts rendered
any such error harmless. Appellant’s first issue is overruled.
 
Closing Argument
            In his second and third issues, Appellant complains that the State engaged in improper jury
argument during closing argument.
Applicable Law
            Closing argument is to facilitate the jury in properly analyzing the evidence presented at trial
so that it may arrive at a just and reasonable conclusion based on the evidence alone. Campbell v.
State, 610 S.W.2d 754, 756 (Tex. Crim. App. 1980). The permissible areas of jury argument include
summation of the evidence, reasonable deduction from the evidence, an answer to argument of
opposing counsel, and a plea for law enforcement. Bell v. State, 724 S.W.2d 780, 802-03 (Tex.
Crim. App. 1986).
            The law provides for a fair trial, free from improper argument by the prosecutor. Long v.
State, 823 S.W.2d 259, 267 (Tex. Crim. App. 1991). If improper statements were made, an appellate
court must determine whether the impropriety constitutes reversible error. Herrera v. State, 915
S.W.2d 94, 97 (Tex. App.–San Antonio 1996, no pet.). We view the improper statement in
conjunction with the record as a whole and ascertain whether the statement was so prejudicial as to
deny an appellant a fair trial. Id.
Refusal to submit to intoxilyzer test
            In his second issue, Appellant argues that the State engaged in improper jury argument when
it improperly shifted the burden of proof during closing argument. Specifically, the prosecutor said
in closing argument, “This means that instead of proving how much alcohol was in his system, he
chose to keep that evidence from you and take a license suspension.” The prosecutor was speaking
of Appellant’s refusal to submit to an intoxilyzer test. Appellant urges that this statement was
improper jury argument, shifting the burden of persuasion to him.
            We do not reach this issue because the State made the same argument later in its closing
argument without defense objection. Because Appellant did not object each time the State made the
argument, nothing is preserved for appellate review. See Ethington v. State, 819 S.W.2d 854, 858
(Tex. Crim. App. 1991). Thus, we overrule Appellant’s second issue. 
Thoughts of other drivers
            In his third issue, Appellant asserts the State engaged in improper jury argument when it
commented on the thoughts of the three drivers who swerved off the road to avoid a collision with
Appellant. Specifically, Appellant urges that the State’s comments were outside the evidence
because the three drivers were not called to testify.
            In his closing argument, the prosecutor said, “Were those three drivers thinking that he
[defendant] was sober and that he had full control of his mental and physical faculties? No.” 
Appellant objected to this statement. However, the State contends that Appellant failed to preserve
his complaint for review. We agree.
            Before the prosecutor made the challenged comment, it made the following similar statement:
 
The three drivers that were driving down the road had to brake and steer to the side to avoid being hit. 
If that’s not proof of being an intoxicated driver, I’d like for you to sit in those cars and be the one that
almost got killed and tell me that that guy was not drunk.


This argument was presented without objection. Because Appellant did not object each time the
argument was made, nothing is preserved for appellate review. See id. Consequently, we overrule
Appellant’s third issue.
 
Disposition
            Having overruled each of Appellant’s three issues, we affirm the judgment of the trial court.
 
 
 
                                                                                                    DIANE DEVASTO 
                                                                                                                 Justice
 
 
Opinion delivered January 31, 2005.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.


























(DO NOT PUBLISH)