NO.
12-04-00273-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

WINDEL
LLOYD WILSON,            §                      APPEAL FROM THE 

APPELLANT

 

V.        §                      COUNTY
COURT AT LAW

 

THE STATE OF TEXAS,

APPELLEE   §                      HENDERSON COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM
OPINION DENYING REHEARING

            Appellant
filed a motion for rehearing, which is denied. 
However, we withdraw our opinion of January 31, 2006 and substitute the
following in its place.

            Appellant
Windel Lloyd Wilson was convicted on a charge of driving while intoxicated,
enhanced with one prior conviction of driving while intoxicated.  Appellant raises three issues complaining of
improper introduction of evidence and improper argument by the State.  We affirm.

 

Background

            Appellant, during an all day boating
trip at the lake, drank numerous beers and took Vicodin pills.  At the end of the day, he attempted to drive
his vehicle and trailer to the boat ramp. 
Damon Boswell, a police officer for the Gun Barrel City Police
Department, stopped Appellant after observing him driving at a high rate of
speed, pulling a trailer without lights, and crossing the center stripe of
Highway 334 eight times over the course of a mile.  Three oncoming vehicles swerved to avoid a
collision with Appellant.  After being
stopped by Boswell, Appellant could not produce a driver’s license, appeared
intoxicated, swayed while standing, and admitted to drinking beer during the
day and taking two Vicodin pills. 
Boswell detected the odor of alcohol on Appellant and observed a
partially full open container of alcohol in Appellant’s vehicle.

            After a call from Boswell, Officer
Terri Jones with the Gun Barrel City Police Department administered field
sobriety tests to Appellant.  Appellant
showed five of six clues on the horizontal gaze nystagmus and three clues on
the walk and turn.  Boswell arrested
Appellant for driving while intoxicated. 
After transporting Appellant to jail, he read Appellant’s statutory
rights to him, informing him of his right to refuse to give a blood or breath
specimen for determining whether he is legally intoxicated.  Boswell also warned Appellant that if he
refused to give a specimen, his motor vehicle license would be suspended for no
less than ninety days and the fact that he refused a specimen for testing may
be admissible at trial.  Appellant
refused breath and  blood tests.  

            Appellant was charged by information
with driving while intoxicated, enhanced by one prior conviction of driving
while intoxicated.  See Tex. Pen. Code Ann. § 49.04(a) (Vernon
2003).  He pleaded not guilty to the
original charge.  A jury convicted
Appellant, and the court sentenced him to 365 days of confinement, probated for
two years, and assessed a $2,000.00 fine. 
This appeal ensued.

 

Reading From Police Report

      Appellant complains in his first
issue that the trial court erroneously allowed Officer Boswell to read his
police report to the jury without establishing a proper predicate.  

Evidentiary
Ruling

            At trial, Boswell testified two
times.  When he first testified,
Appellant objected when it appeared that Boswell’s memory was not refreshed
after reviewing his report and that he was essentially reading from it.  The trial court implicitly sustained his
objection by telling the officer, “Testify from your memory please.”  Appellant continued to object at various
times based on his belief that the officer was reading from the report,
contending the report was hearsay.  The
court overruled the objections.  At one
point, the State asked Boswell to read “a small portion” from his report when
he could not remember the number of times that Appellant’s vehicle had crossed
the center line.  Appellant objected that
the proper predicate had not been established for the officer to read from the
report.  The trial court initially
overruled that objection, but then instructed the prosecutor, “Identify what
you’re asking the witness to refresh his memory from.”  Boswell reviewed the report and answered the
question after refreshing his memory. 

            Boswell admitted during cross
examination that his memory was not clearly refreshed by his review of the
report.  After questioning another Gun
Barrel City Police Department officer, 
the State recalled Boswell to testify. 
The State asked Boswell if he was the person who wrote the incident
report following Appellant’s arrest and if the report was made when he had a
full and accurate recollection of the arrest.[1]  Boswell replied affirmatively.  The State then asked him  to read portions of the incident report to
the jury.  Before Boswell began reading,
Appellant objected:

 

 

                        This officer has testified to these matters.  The document has been used to already refresh
his memory.  We’re now going back.  We’re going to read the report now into the
record.  The report is hearsay.  A police report is not admissible into
evidence.  The document has been used to
refresh his memory.  And all we’re doing
now is just bolstering this witness.

 

 

The trial court
overruled Appellant’s objections and granted a running objection.  However, Appellant’s complaint on appeal – no
proper predicate – does not comport with his objections to the police report at
trial.  See Jones v. State,
817 S.W.2d 854, 857 (Tex. App.–Houston [1st Dist.] 1991, no pet.).  Therefore, nothing is preserved for our
review.   Appellant’s first issue is
overruled.

 

Closing Argument

            In his second and third issues,
Appellant complains that the State engaged in improper jury argument during
closing argument.

Applicable
Law

            Closing argument is to facilitate
the jury in properly analyzing the evidence presented at trial so that it may
arrive at a just and reasonable conclusion based on the evidence alone.  Campbell v. State, 610 S.W.2d 754,
756 (Tex. Crim. App. 1980).  The
permissible areas of jury argument include summation of the evidence,
reasonable deduction from the evidence, an answer to argument of opposing
counsel, and a plea for law enforcement. 
Bell v. State, 724 S.W.2d 780, 802-03 (Tex. Crim. App.
1986).

            The law provides for a fair trial,
free from improper argument by the prosecutor. 
Long v. State, 823 S.W.2d 259, 267 (Tex. Crim. App.
1991).  If improper statements were made,
an appellate court must determine whether the impropriety constitutes
reversible error.  Herrera v. State,
915 S.W.2d 94, 97 (Tex. App.–San Antonio 1996, no pet.).  We view the improper statement in conjunction
with the record as a whole and ascertain whether the statement was so
prejudicial as to deny an appellant a fair trial.  Id.

Refusal to
submit to intoxilyzer test

            In his second issue, Appellant
argues that the State engaged in improper jury argument when it improperly
shifted the burden of proof during closing argument.  Specifically, the prosecutor said in closing
argument, “This means that instead of proving how much alcohol was in his
system, he chose to keep that evidence from you and take a license suspension.”  The prosecutor was speaking of Appellant’s
refusal to submit to an intoxilyzer test. 
Appellant urges that this statement was improper jury argument,
shifting  the burden of persuasion to
him.

            We do not reach this issue because
the State made the same argument later in its closing argument without defense
objection.  Because Appellant did not
object each time the State made the argument, nothing is preserved for
appellate review.  See Ethington v.
State, 819 S.W.2d 854, 858 (Tex. Crim. App. 1991).   Thus, we overrule Appellant’s second
issue.  

Thoughts
of other drivers

            In his third issue, Appellant
asserts the State engaged in improper jury argument when it commented on the
thoughts of the three drivers who swerved off the road to avoid a collision
with Appellant.  Specifically, Appellant
urges that the State’s comments were outside the evidence because the three
drivers were not called to testify.

            In his closing argument, the
prosecutor said, “Were those three drivers thinking that he [defendant] was
sober and that he had full control of his mental and physical faculties?  No.” 
Appellant objected to this statement. 
However, the State contends that Appellant failed to preserve his
complaint for review.  We agree.

            Before the prosecutor made the
challenged comment, he made the following similar statement:

 

The three drivers that were driving down the road had
to brake and steer to the side to avoid being hit.  If that’s not proof of being an intoxicated
driver, I’d like for you to sit in those cars and be the one that almost got
killed and tell me that that guy was not drunk.

 

 

This argument
was presented without objection.  Because
Appellant did not object each time the argument was made, nothing is preserved
for appellate review.  See id.  Consequently, we overrule Appellant’s third
issue.

 

Disposition

            Having overruled each of Appellant’s
three issues, we affirm the judgment of the trial court.

 

 

 

                                                                                                    DIANE DEVASTO   

                                                                                                                 Justice

 

 

Opinion delivered March 22, 2006.

Panel
consisted of Worthen, C.J., Griffith, J., and DeVasto, J.

 

 

 

 

 

 

                                                                                    

                                                                                                            

 

 

                                    (DO NOT
PUBLISH)











[1] If a witness’s memory is not refreshed, a trustworthy document may be
read to the jury if the statement was made or adopted by the witness, the
statement correctly reflected the witness’s prior knowledge, and it was
recorded at or near a time when the event was fresh in the witness’s
memory.  See Tex. R. Evid. 803(5).