In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-08-00210-CR


____________________



WILBERT ARCENEAUX, JR., Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 258th District Court


Polk County, Texas


Trial Cause No. 19767






 MEMORANDUM OPINION


 Wilbert Arceneaux, Jr. appeals his felony conviction for retaliation. In one issue, he
argues that the evidence is legally insufficient to support his conviction. We affirm.

 While removing Arceneaux's handcuffs at the jail, Arceneaux told the Officers Kevin
Ward and Scott Paske that he was going to shoot and kill them. Arceneaux did not testify
at trial. Officers Ward and Paske testified about Arceneaux's threat and described the
circumstances under which the threat occurred. A jury found Arceneaux guilty of retaliation. 


 In a legal sufficiency review, we review all of the evidence in a light most favorable
to the verdict, and we decide if any rational trier of fact could find the essential elements of
the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781,
61 L.Ed.2d 560 (1979); Williams v. State, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). The
jury is the ultimate authority as to the credibility of witnesses and the weight to be given their
testimony. Williams, 235 S.W.3d at 750; see also Dewberry v. State, 4 S.W.3d 735, 740
(Tex. Crim. App. 1999). 

 A person commits the offense of retaliation if he "intentionally or knowingly harms
or threatens to harm another by an unlawful act . . . in retaliation for or on account of the
service or status of another as a . . . public servant[.]" Tex. Pen. Code Ann. §
36.06(a)(1)(A) (Vernon Supp. 2008). "Although not explicitly included in the Penal Code
definition of a 'public servant,' courts have interpreted public servant to include a police
officer." Carriere v. State, 84 S.W.3d 753, 757 (Tex. App.-Houston [1st Dist.] 2002, pet.
ref'd) (citing Bryson v. State, 807 S.W.2d 742, 745-46 (Tex. Crim. App. 1991)); see also
Tex. Pen. Code Ann. § 1.07(a)(41)(A) (Vernon Supp. 2008). Arceneaux acknowledges this
interpretation; he does not argue that police officers are not within the ambit of the reach of
this provision of the Penal Code. 


 Here, the indictment alleged that Arceneaux intentionally or knowingly threatened
Officer Ward "in retaliation for or on account of [Officer Ward's] services or status . . . as
a public servant." On appeal, Arceneaux argues that the evidence is legally insufficient to
show that Arceneaux made his statements with the "intent to inhibit" or "affect" Officer
Ward's service as a police officer or that Arceneaux made the statements with the "requisite
retaliatory intent" of placing Officer Ward in "fear of retribution as a result of" Officer
Ward's duty as a police officer.

 We do not accept Arceneaux's argument that section 36.06(a)(1)(A) of the Penal
Code, the subsection under which Arceneaux was charged, requires the threat to have
affected or inhibited the service rendered by the public servant. The indictment did not
allege that Arceneaux made the threat to prevent or delay the service of another as a public
servant, an alleged violation of section 36.06(a)(2). See Tex. Pen. Code Ann. § 36.06(a)(2)
(Vernon Supp. 2008). In his brief, Arceneaux relies on Herrera v. State, 915 S.W.2d 94, 97-98 (Tex. App.-San Antonio 1996, no pet.), which construes section 36.06(a)(2). Since the
indictment in this case did not allege a violation of that subsection, but instead alleged a
violation of section 36.06(a)(1)(A), we find that Herrera is not persuasive with respect to the
proof required to establish a violation under section 36.06(a)(1)(A). Under the plain
language of subsection 36.06(a)(1)(A), the offense occurs when a person threatens harm by
an unlawful act in retaliation for or on account of another person's service or status as a
public servant. Tex. Pen. Code Ann. § 36.06(a)(1)(A).

 From the testimony that Arceneaux's threat occurred while the officers removed his
handcuffs at the jail, we hold that the jury could properly infer Arceneaux made the threat
for or on account of Officer Ward's duties as a public servant. This inference was within
the province of the jury. See Williams, 235 S.W.3d at 750. Thus, reviewing the evidence in
the light most favorable to the conviction, a rational trier of fact could have convicted
Arceneaux of retaliation. See Jackson, 443 U.S. at 319. Because we have determined that
legally sufficient evidence supports Arceneaux's conviction, we overrule Arceneaux's sole
issue on appeal and affirm the judgment of the trial court.

 AFFIRMED.


 _____________________________

 HOLLIS HORTON

 Justice



Submitted on March 4, 2009

Opinion Delivered April 1, 2009

Do Not Publish


Before McKeithen, C.J., Kreger and Horton, JJ.