ACCEPTED
07-16-00452-CR
SEVENTH COURT OF APPEALS
AMARILLO, TEXAS
7/6/2017 10:30 AM
Vivian Long, Clerk

**NO. 07-16-00452-CR**

In the
COURT OF APPEALS
For the
SEVENTH JUDICIAL DISTRICT OF TEXAS
At Amarillo

_____

FILED IN
7th COURT OF APPEALS
AMARILLO, TEXAS
7/6/2017 10:30:54 AM
VIVIAN LONG
CLERK

**No. 2894**
In the 287th Judicial District Court
Of Bailey County, Texas
Count III – Retaliation

_____

**JOSEPH ALARCON GONZALEZ**
*Appellant*

**v.**

**THE STATE OF TEXAS**
*Appellee*

_____

BRIEF OF THE APPELLANT

_____

**TINA DAVIS RINCONES**
Law Office of Tina Davis Rincones
109 E 6th Street
Plainview, Texas 79072
Telephone (806) 429-0706
Facsimile (806) 553-4424
SBN 24030776

ATTORNEY FOR APPELLANT

ORAL ARGUMENT NOT REQUESTED

# TABLE OF CONTENTS
[Rule 38.1(b), Tex. R. App. Proc.]

**RECORD REFERENCES** ...................................................................................... iv

**PARTY REFERENCES** ......................................................................................... iv

INDEX OF AUTHORITIES ...................................................................................... v

**STATEMENT REGARDING ORAL ARGUMENT** ...................................... vi

**STATEMENT OF THE CASE** ............................................................................. i

**ISSUES PRESENTED** ........................................................................................... 3

**1. THE TRIAL COURT ERRED WHEN IT DENIED THE APPELLANT HIS RIGHT TO CONFRONT THE WITNESS AGAINST HIM.** ......................... 3

**2. THE TRIAL COURT ERRED BY FAILING TO ADMIT EVIDENCE IN OPPOSITION TO THE RULE OF OPTIONAL COMPLETENESS.** ....................... 3

**3. THE EVIDENCE WAS INSUFFICIENT FOR CONVICTION IN THIS CASE.** ......................................................................................................................... 3

**STATEMENT OF FACTS** ..................................................................................... 4

**ARGUMENT** ............................................................................................................ 7

**1. THE TRIAL COURT ERRED WHEN IT DENIED THE APPELLANT HIS RIGHT TO CONFRONT THE WITNESS AGAINST HIM.** ..................................... 7

    *a. Standard of Review* ................................................................................ 7

    *b. The Law, Generally* ............................................................................... 8

    *c. The Application of the Law to the Facts* ............................................ 10

**2. THE TRIAL COURT ERRED BY FAILING TO ADMIT EVIDENCE IN OPPOSITION TO THE RULE OF OPTIONAL COMPLETENESS.** ..................... 10

    *a. Standard of Review* .............................................................................. 10

    *b. The Law, Generally* ............................................................................. 11

    *c. The Application of the Law to the Fact* ............................................. 12

**3. THE EVIDENCE WAS INSUFFICIENT FOR CONVICTION IN THIS CASE.** ....................................................................................................................... 13

    *a. Standard of Review* .............................................................................. 13

    *b. The Law* ................................................................................................. 13

    *c. The Application of the Law to the Facts* ............................................ 14

**CONCLUSION** ...................................................................................................... 14

**CERTIFICATE OF SERVICE** ........................................................................... 15

**CERTIFICATE OF WORD COUNT** ................................................................ 15

## IDENTITY OF PARTIES AND COUNSEL
[Rule 38.1(a), Tex. R. App. Proc.]

The following is a complete list of all parties to the trial court's judgment or appealable order, as well as the names and addresses of trial and appellate counsel.

Joseph Alarcon Gonzalez, Appellant

FOR THE APPELLANT:

Counsel for Trial by Judge:

James M. Moore
Law Office of James M. Moore, P.C.
1705 Avenue K
Lubbock, Texas 79401
Phone: 806-747-7373
Fax: 806-747-6031
SBN: 24065783

Counsel for Appeal:

Tina Davis Rincones
Attorney at Law
109 E 6th Street
Plainview, Texas 79072
Tel: (806) 429-0706
Fax: (806) 553-4424
SBN: 24030776

The State of Texas, Appellee

FOR THE STATE OF TEXAS:

Counsel for Trial by Judge:

Kathryn H. Gurley
287th Judicial District Attorney
PO Box 729
Friona, Texas 79035
Phone: 806-250-2050
Fax 806-250-8051
SBN: 10022700

Counsel for Appeal:

Kathryn H. Gurley
287th Judicial District Attorney
PO Box 729
Friona, Texas 79035
Tel: (806) 250-2050
Fax: (806) 250-8051
SBN: 10022700

## RECORD REFERENCES

The Clerk's Record in this case contains one original volume and is referenced in this brief as "CR."

In this brief references to the Reporter's Record will be made by the abbreviation "RR" followed by the volume, page and line.

## PARTY REFERENCES

The Appellant is Joseph Alarcon Gonzalez and shall be referred to as "Gonzalez" or "Appellant." The State will be referred to as the "State" or "Appellee."

# INDEX OF AUTHORITIES

Cases

*Bezerra v. State*, 485 S.W.3d 133, 143 (Tex. App. – Amarillo 2016) ............................... 11

*Conner v. State,* 67 S.W.3d 192, 197 (Tex. Crim. App. 2001) ......................................... 13

*Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004) ....... 8

*Davis v. Alaska*, 415 U.S. 308 (1974) ............................................................................... 8

*Davis v. State*, 169 S.W.3d 660, 665 (Tex. App. Austin 2005, no. pet.). .................... 7

*De La Paz v. State*, 273 S.W.3d 671, 680 (Tex. Crim. App. 2008) ............................... 8

*Flanagan v. State*, 675 S.W.2d 734, 746 (Tex. Crim. App. 1984) ................................. 13

*Galliford v. State*, 101 S.W.3d 600, 604 (Tex. App. Houston [1st Dist.] 2003, pet.
   ref.). ................................................................................................................................. 7

*Herrera v. State*, 915 S.W.2d 94, 98 (Tex. App.- San Antonio 1996, no pet.) ................ 13

*In re B.P.H.*, 83 S.W.3d 400, 407 (Tex. App.--Fort Worth 2002, no pet. ........................ 13

*Jackson v. Virginia,* 433 U.S. 307, 319 (1979) ................................................................. 13

*Lagunas v. State*, 187 S.W.3d 503, 513 (Tex. App. Austin 2005, no. pet.) .................. 7

*Lilly v. Virginia*, 527 U.S. 116, 137 (1999) ...................................................................... 7

*Kelly v. State*, 321 S. W. 3d 583 (Tex. App. Houston [14]-2010 -no pet.) ........................ 12

*Moses v. State*, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003) ...................................... 7

*Pena v. State*, 353 S. W. 3d 797 (Tex. Crim. App. 2011) ............................................... 12

*Rankin v. State*, 46 S.W.3d 899, 901 (Tex. Crim. App. 2001) ........................................ 13

*Sauceda v. State*, 129 S.W.3d 116, 123 (Tex.Crim.App.2004) ......................................... 11

See *Torres v. State*, 71 S.W.3d 758, 760 (Tex. Crim. App. 2002). ................................ 7

*United States v. Cromer*, 389 F.3d 662, 675 (6th Cir. 2004) ........................................... 8

*United States v. Rondeau*, 430 F.3d 44, 47 (1st Cir. 2005) .......................................... 7

*Wall v. State*, 184 S.W.3d 730, 742 (Tex. Crim. App. 2006) ........................................ 7

*Walters v. State*, 247 S. W. 3d 204 (Tex. Crim. App. 2007) ........................................... 11

Statutes

TEX. PENAL CODE ANN. § 6.01(a) (Vernon 2016) ............................................................ 16

TEXAS RULES OF EVIDENCE, R. 1071(Vernon 2016) ....................................................... 12

TEXAS RULE OF EVIDENCE, Rule 401 (Vernon 2016) ....................................................... 13

## STATEMENT REGARDING ORAL ARGUMENT

Appellant does not request oral argument in this case.

## STATEMENT OF THE CASE

Appellant was indicted in the instant case an August 5, 2015 in a three count indictment charging him in Count III with the offense of Retaliation a third degree felony; the subject of this appeal. (CR Vol. 1, P. 9-10). A pretrial hearing was held on November 2, 2016; the trial before a jury began on November 15, 2016 through November 17, 2016. The jury found Appellant guilty of Count III. (CR Vol. 2, P. 15). Punishment was assessed by the jury at 7 years in the Texas Department of Criminal Justice; a $1,000.00 fine was assessed. (CR Vol. 2, P. 21). A Motion for New Trial was filed by trial counsel before the Judgment was prepared and entered (CR Vol. 2, P. 28-30). The Court entered judgment on the Jury's Verdict. (CR Vol. 2, P. 34-35). A subsequent Motion for New Trial was filed by counsel for the appeal. (CR Vol. 2, P. 47-50). A Notice of Appeal was filed after the verdict was rendered by the Jury and the Court, on the docket sheet (CR Vol. 2, P. 7); in the reporter's record accepted the verdict and rendered judgment (RR Vol. 6, P. 75, L. 19-25 through RR Vol. 6, P. 76, L. 1-18); this appeal ensued. (CR Vol. 2, P. 27).

**NO. 07-16-00452-CR**

In the
COURT OF APPEALS
For the
SEVENTH JUDICIAL DISTRICT OF TEXAS
At Amarillo

_____

**No. 2894**
In the 287th Judicial District Court
Of Bailey County, Texas
Count III – Retaliation

_____

**JOSEPH ALARCON GONZALEZ**
*Appellant*

**v.**

**THE STATE OF TEXAS**
*Appellee*

_____

BRIEF OF THE APPELLANT

_____

TO THE HONORABLE COURT OF APPEALS FOR THE SEVENTH DISTRICT:

COMES NOW JOSEPH ALARCON GONZALEZ, Appellant herein in cause number 07-16-00452-CR before the Court of Appeals for the Seventh District, Amarillo, Texas by and through his attorney of record, files this Brief of the Appellant, and in support thereof would respectfully show this Honorable Court the following:

## ISSUES PRESENTED

1.     THE TRIAL COURT ERRED WHEN IT DENIED THE APPELLANT HIS RIGHT TO CONFRONT THE WITNESS AGAINST HIM.

2.     THE TRIAL COURT ERRED BY FAILING TO ADMIT EVIDENCE IN OPPOSITION TO THE RULE OF OPTIONAL COMPLETENESS.

3.     THE EVIDENCE WAS INSUFFICIENT FOR CONVICTION IN THIS CASE.

## STATEMENT OF FACTS

On the morning of May 15, 2015 two room-mates woke up in Muleshoe, Bailey County, Texas. (RR Vol. 5, P. 37, L. 4-8). The primary room-mate, Appellant, also had his young son in his possession that morning. (RR Vol. 5, P. 37, L. 14-15). Appellant prepared his young son for a trip across the street to stay with the young child's grandmother while Appellant went to work for the day. (RR Vol. 5, P. 38, L. 2-3). The secondary room-mate, Victim, remained at the residence. Victim says he and Appellant had a passing conversation the details of which conflict in each of their memories; Appellant did not relay the same conversation and the State did not corroborate this conversation as propounded by Victim. (RR Vol. 5, P. 38, L. 4-9). Victim admits that he smokes a "bowl" of "meth" while Appellant was dropping off the child across the street. (RR Vol. 5, P. 38, L. 13-18). Appellant comes back from his brief absences from the residence in question and notices Victim's van is re-parked in an awkward manner and doors in the house wide open. (RR Vol. 5, P. 120, L. 7-9). Appellant comes back and finds Victim in an agitated state, "zooming" and notices a smell of burnt chemical. (RR Vol. 5, P. 120, L. 20-22) and (RR Vol. 5, P. 121, L. 3-4). It is undisputed that the Victim was doing his laundry and putting it away in a bedroom in the residence when Appellant and he next converse. (RR Vol. 5, P. 121, L. 11) and (RR Vol. 5, P. 39, L. 19-20). Overnight, sometime on May 14, 2015 or May 15, 2015 a shotgun has arrived at the residence at the hands of Victim. (RR Vol. 5, P. 42, L. 2-5). Appellant goes to the bedroom sees Victim putting away his laundry and sees the shotgun. (RR Vol. 5, P. 123, L. 5-8). This causes Appellant great alarm and he picks up the firearm to take it from the residence. (RR Vol. 5, P. 124, L. 13-18). Appellant jostles the weapon by some unknown means, perhaps by hitting a door jam and the weapon fires and shoots Victim in his leg. (RR

4

Vol. 5, P. 126, L. 24-25) and (RR Vol. 5, P. 137, L. 2-8). Victim is wounded; Appellant calls 911; emergency personnel arrive; Victim is saved and survives. During the 911 call Appellant says something that the jury in this matter requested replayed multiple times because it was inaudible due to static. (RR Vol. 5, P. 201, L. 24 through P. 203, L. 3). When EMS arrives the Victim states to EMT Robin Claborn "he popped me" with no mention of a threat. (RR Vol. 4, P. 35, L. 13-23). After the shot but before the 911 call Victim testifies that Appellant and he exchanged words. (RR Vol. 46, L. 10-15). Appellant said he was being threatened and felt threatened so he did return a threat against Victim. (RR Vol. 5, P. 129, L. 5-14). The State alleged the Appellant "threatened to harm another, to-wit: Aaron Chavez by an unlawful act, to-wit: by "finishing him off". (CR Vol. 1, P. 9). However, there is no evidence that the threat was retaliation and not what the Appellant testified a threat to keep harm from himself [Appellant]. (RR Vol. 5, P. 129, L. 5-14).

At trial the State protested all attempts by defense counsel to adequately cross examine the victim on his proclivity for the use of mind altering substances, and his extensive criminal history. The Court agreed with the State and the Appellant was denied effective cross examination/confrontation of the witness against him. (See generally, RR Vol. 5, P. 35-85).

At trial the State was also allowed to admit incomplete audio/video recordings over the objection of defense counsel. Defense counsel made bill of exception/review and admitted the complete recordings for consideration by this honorable Court. (See RR Vol. 4, P. 99-103).

The jury rejected and acquitted Appellant on the aggravated assault count; found the Appellant guilty of possession of a firearm by a felon and guilty of felony retaliation. This appeal followed.

5

## SUMMARY OF ARGUMENT

The Appellant was denied his constitutional right to confront the witness against him when the Court denied defense counsel's attempts to cross examine the victim on his criminal history which bears on his credibility and his use of mind altering substances which affect his memory.

The Appellant was denied a fair trial and due process of law when the Court refused to admit a complete audio/video recording and instead only admitted the State's version of the audio/video recording over the objection of defense counsel citing the "optional rule of completeness."

There was legally insufficient evidence to convict Appellant of the offense of retaliation.

**ARGUMENT**

**1.    THE TRIAL COURT ERRED WHEN IT DENIED THE APPELLANT HIS RIGHT TO CONFRONT THE WITNESS AGAINST HIM.**

*a.    Standard of Review*

Generally, a trial court's ruling on the admissibility of evidence is reviewed for an abuse of discretion. See *Moses v. State*, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003). An abuse of discretion occurs when the trial court acts without reference to guiding rules or principles or acts arbitrarily or unreasonably. *Galliford v. State*, 101 S.W.3d 600, 604 (Tex. App. Houston [1st Dist.] 2003, pet. ref.). Reviewing courts will affirm the trial court's ruling if it lies within the zone of reasonable disagreement. See *Torres v. State*, 71 S.W.3d 758, 760 (Tex. Crim. App. 2002).

However, this Court should review de novo the constitutional legal ruling of whether the Appellant was denied his right to confront the witness against him, in this case the Victim.  See *Lilly v. Virginia*, 527 U.S. 116, 137 (1999) (When reviewing the admissibility of out-of-court statements *[or in this case statements about drug use to law enforcement and medical personnel]* over a Confrontation Clause objection, reviewing courts should independently review whether the evidence "satisfies the demands of the Constitution."); *Wall v. State*, 184 S.W.3d 730, 742 (Tex. Crim. App. 2006); See also *United States v. Rondeau*, 430 F.3d 44, 47 (1st Cir. 2005) (Crawford issues are reviewed under de novo standard); *United States v. Delgado*, 401 F.3d 290, 299 (5th Cir. 2005); *Lagunas v. State*, 187 S.W.3d 503, 513 (Tex. App. Austin 2005, no. pet.);  *Davis v. State*, 169 S.W.3d 660, 665 (Tex. App. Austin 2005, no. pet.).  The reason for the de novo standard of review is because the legal ruling of whether a

7

statement is testimonial under Crawford "is determined by the standard of an objectively reasonable declarant standing in the shoes of the actual declarant." *Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004).; *De La Paz v. State*, 273 S.W.3d 671, 680 (Tex. Crim. App. 2008) (Whether a statement is testimonial under the Confrontation Clause is a question of law); *United States v. Cromer*, 389 F.3d 662, 675 (6th Cir. 2004) (The inquiry under a Confrontation Clause objection to hearsay is "whether a reasonable person in the declarant's position would anticipate his statement being used against the accused in investigating and prosecuting the crime."). In Crawford the United States Supreme Court explained that the Confrontation Clause was based on the English common law tradition of "live testimony in court subject to adversarial testing." *Crawford*, 541 U.S. at 43). The Court noted that this tradition was in contrast to the European civil law that "condoned[d] examination in private by judicial officers." Id.

Crawford rejected the Roberts analysis, holding that although the ultimate goal of the confrontation clause is to ensure reliability of evidence, "it is a procedural rather than a substantive guarantee." *Crawford*, 541 U.S. at 61. The Opinion states: The confrontation clause "commands, not that the evidence be reliable, but that reliability be assessed in a particular manner: by testing in the crucible of cross-examination." Id.

### b. *The Law, Generally*

The Court explained that the Confrontation Clause provides a procedural guarantee: "It commands, not that evidence be reliable, but that reliability be assessed in a particular manner: by testing in the crucible of cross-examination." *Crawford*, 541 U.S. at 61. In *Davis v. Alaska*, 415 U.S. 308 (1974) the Supreme Court explained that the accused's right to be confronted with the witnesses against him is more than being

8

allowed to confront the witnesses physically. The primary interest secured by confrontation is the right of cross- examination. The Supreme Court stated,

> "Cross-examination is the principal means by which the believability of a witness and the truth of his testimony are tested. Subject always to the broad discretion of the trial judge to preclude repetitive and unduly harassing interrogation, the cross-examiner is not only permitted to delve into the witness' story to test the witness' perceptions and memory, but the cross-examiner has traditionally been allowed to impeach, i.e., discredit the witness... [T]he exposure of a witness' motivation in testifying is a proper and important function of the constitutionality protected right of cross examination. *Davis*, 415 U.S. at 316.

Thus the prior opportunity to cross-examine required by Crawford must serve that same function.

The new Crawford rule, by its position, applies only to testimonial evidence. Specifically, the Court clarified that the confrontation clause applies to those who "bear testimony" against the accused." *Crawford*, 541 U.S. at 51. "Testimony," it continued, is "[a] solemn declaration or affirmation made for the purpose of establishing or proving some fact." Id. (quotation omitted). The Court identified three kinds of statements that could be regarded as testimonial:

(1) "ex parte in-court testimony or its functional equivalent - that is, material such as affidavits, custodial examinations, prior testimony that the defendant was unable to cross-examine, or similar pretrial statements that declarants would reasonably expect to be used prosecutorial[ly]";

2) "extrajudicial statements... contained in formalized testimonial materials, such as affidavits, depositions, prior testimony, or confessions"; and

3) "statements that were made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial." Id. At 51-52.

### c. The Application of the Law to the Facts

The Court in this case at every turn refused defense counsel the opportunity to cross examine law enforcement and medical professionals regarding admissions by the Victim of his drug use including but not limited to the frequency, kind and consistent nature of the use. Further, the Court refused to allow defense counsel to fully cross-examine the Victim regarding his "clubbing" the night before the events in question. (RR Vol. 5, P. 80, L. 10 through P. 82, L. 13). The Court consistently denied defense counsel the right to elicit testimony from medical professionals regarding the statements made by the Victim in the course of his treatment. (RR Vol. 5, P. 93, L. 23 through P. 97, L. 11) and (RR Vol. 5, P. 99, L. 16 through P. 100, L. 4). This evidence was directly relevant to the clarity and credibility of the witness. The Appellant's defense was that Victim was high on meth; possibly drunk from his night of partying in two locations, Littlefield and Lubbock; lack of sleep which bears heavily on his memory about the facts that surround the conversations between the two the morning of this incident and the actions of Appellant. Because Appellant was denied the opportunity to fully develop these factors the jury was unable to consider the full credibility of the witness, denying Appellant of his constitutional right of confrontation of the witness in this case.

### 2. THE TRIAL COURT ERRED BY FAILING TO ADMIT EVIDENCE IN OPPOSITION TO THE RULE OF OPTIONAL COMPLETENESS.

### a. Standard of Review

Generally, a trial court's ruling on the admissibility of evidence is reviewed for an

10

abuse of discretion. See *Moses v. State*, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003). An abuse of discretion occurs when the trial court acts without reference to guiding rules or principles or acts arbitrarily or unreasonably. *Galliford v. State*, 101 S.W.3d 600, 604 (Tex. App. Houston [1st Dist.] 2003, pet. ref.). Reviewing courts will affirm the trial court's ruling if it lies within the zone of reasonable disagreement. See *Torres v. State*, 71 S.W.3d 758, 760 (Tex. Crim. App. 2002).

### b.      The Law, Generally

"The rule of optional completeness is one of admissibility and permits the introduction of otherwise inadmissible evidence when that evidence is necessary to fully and fairly explain a matter "opened up" by the adverse party. *Walters v. State*, 247 S.W.3d 204, 217–18 (Tex.Crim.App.2007); see *Sauceda v. State*, 129 S.W.3d 116, 123 (Tex.Crim.App.2004) ("The plain language of [Texas Rule of Evidence, Rule 107] indicates that in order to be admitted under the rule, the omitted portion of the statement must be 'on the same subject' and must be 'necessary to make it fully understood.' "). It is designed to reduce the possibility of the jury receiving a false impression from hearing only a part of some act, conversation, or writing. Walters, 247 S.W.3d at 218." *Bezerra v. State*, 485 S.W.3d 133, 143 (Tex. App. – Amarillo 2016), (petition for discretionary review refused (June 15, 2016), cert. denied, 137 S. Ct. 495, 196 L. Ed. 2d 404 (2016)). The evidence which is used to fully explain a matter opened up by the other party need not be ordinarily admissible. It must be on the same subject and necessary to make it fully understood. *Walters v. State*, 247 S. W. 3d 204 (Tex. Crim. App. 2007). Further, although the audio portion of a videotape introduced by the state may be hearsay; it was ruled admissible under the Rule of Optional Completeness because the state relied on the visual portion to prove its case. TEXAS RULES OF EVIDENCE, R. 107 (Vernon 2016); *Pena v. State*, 353 S. W. 3d

11

797 (Tex. Crim. App. 2011). Further, evidence can be admissible when the state leaves a false impression with the jury.

The prevention of the presentation of a defense is subject to constitutional error analysis. TEXAS RULE OF EVIDENCE, Rule 401 (Vernon 2016) provides that relevant evidence is evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Whether rooted directly in the due process clause of the 14th Amendment or in the compulsory process or confrontation clause of the 6th Amendment, the Constitution guarantees criminal defendants a meaningful opportunity to present a complete defense. A trial court's ruling excluding evidence may rise to the level of a constitutional violation if a trial court's clearly erroneous ruling excludes otherwise relevant, reliable evidence which forms such a vital portion of the case that exclusion effectively precludes the defendant from presenting a defense. *Kelly v. State*, 321 S. W. 3d 583 (Tex. App. Houston [14]-2010 -no pet.)

### c. *The Application of the Law to the Fact*

The State in this case sought and was allowed to admit a portion of a video/audio tape retrieved from a much longer and complete video/audio tape from the scene of the offense. The defense promptly objected that the admission of just a portion of a much longer tape would violate the Rule of Optional Completeness. Defense counsel made a bill of review/exception and was allowed to admit the omitted audio/video tape as Defendant's Exhibit 1 for the purposes of the bill of review/exception. (See RR Vol. 4, P. 99-103). The Appellant was denied the opportunity to clarify what was going on at the scene and provide the jury with a complete picture of the events as they were unfolding. Further, the jury was misled as to the issue of retaliation. The Court erred and the Appellant was harmed, demanding this case be

12

remanded to the Trial Court for further action consistent with any ruling from the Appeals Court.

## 3. THE EVIDENCE WAS INSUFFICIENT FOR CONVICTION IN THIS CASE.

### a. *Standard of Review*

A challenge to the legal sufficiency of the evidence need not be preserved at trial, and may be raised for the first time on appeal. *Rankin v. State*, 46 S.W.3d 899, 901 (Tex. Crim. App. 2001). In reviewing a legal sufficiency or "no evidence" claim, the appellate court will review the evidence in the light most favorable to the verdict, and will determine whether the trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Conner v. State,* 67 S.W.3d 192, 197 (Tex. Crim. App. 2001) *(citing Jackson v. Virginia,* 433 U.S. 307, 319 (1979)). The appellate court will consider all evidence admitted, whether proper or improper. "Every fact need not point directly and independently to the defendant's guilt [citation omitted]. A conclusion of guilt can rest on the combined and cumulative force of all incriminating circumstances." *Id.* The trier of fact is free to believe or disbelieve the testimony of any witness. *Flanagan v. State*, 675 S.W.2d 734, 746 (Tex. Crim. App. 1984) (op. on reh'g).

### b. *The Law*

Retaliation is a result oriented offense. See *In re B.P.H.*, 83 S.W.3d 400, 407 (Tex. App.--Fort Worth 2002, no pet.); *Herrera v. State*, 915 S.W.2d 94, 98 (Tex. App.- San Antonio 1996, no pet.). As a result oriented offense, the action being criminalized is the threat to harm and the intent to inhibit public service by others. Herrera, 915 S.W.2d at 97. "A central purpose of the statute is to encourage a certain class of citizens to perform vital public duties without fear of retribution." *Doyle v. State*, 661 S.W.2d 726, 729 (Tex. Crim.

13

App. 1983).

*c.*    ***The Application of the Law to the Facts***

In this case the jury rejected an intentional act alleged in Count I, Aggravated Assault, finding the Appellant not guilty. However, the jury chose to find Appellant guilty of Count III, Retaliation. This is an inconsistent result that lacks sufficient evidence to sustain the jury's verdict. Appellant was quick to call 911, administer aid and the jury believed these among other facts did not justify an aggravated assault. (RR Vol. 5, P. 126, L. 23-24) (RR Vol. 5, P. 129, L. 15-17) and (RR Vol. 5, P. 130, L. 11-12). Further, Appellant testified and admitted that he told the Victim to say it was him that shot himself, and admitted that he did this out of fear because he was a convicted felon. No corroborating evidence was produced to support Victim's statement at trial that Appellant said he would finish him off was actually made as a retaliatory threat, instead Appellant testified that he only threatened the Victim because he was taking an aggressive stance or posture against Appellant. (RR Vol. 5, P. 129, L. 5-14). The jury was unclear as to the audio evidence produced in the recorded 911 as evidenced by the statement of "juror" in the Reporter's Record. (RR Vol. 5, P. 202, L. 1 through P. 203, L. 3).

## CONCLUSION

The Appellant was irreparably harmed when the Court denied defense counsel's attempts to cross examine the victim on his criminal history which bears on his credibility and his use of mind altering substances which affect his memory. Appellant was harmed in this denial and for this reason the Court of Appeals should reverse and render a judgment of acquittal.

The Appellant was denied a fair trial and due process of law when the Court refused to admit a complete audio/video recording and instead only admitted the State's version of

14

the audio/video recording over the objection of defense counsel citing the "rule of optional completeness" for which Appellant is entitled to a judgment of acquittal.

There was legally insufficient evidence to convict Appellant of the offense of retaliation; thus Appellant should be released from the bonds of this conviction.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellant prays this Honorable Court reverse the conviction and render a judgment of acquittal in this case.

Respectfully Submitted,

*/s/* TINA DAVIS RINCONES
**TINA DAVIS RINCONES**
Attorney at Law
109 E 6th Street
Plainview, Texas 79072
Telephone (806) 429-0706
Facsimile (806) 553-4424
SBN 24030776
Email: trincones@redraiderlaw.com
ATTORNEY FOR APPELLANT

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the Brief of the Appellee has been emailed to the parties listed below on this 5th day of July, 2017.

Kathryn H. Gurley
287th District Attorney
districtattorney@parmercounty.net

*/s/* TINA DAVIS RINCONES
**TINA DAVIS RINCONES**

## CERTIFICATE OF WORD COUNT

I certify that this document contains 4,625 words and is incompliance with the Texas Rules of Appellate Procedure.

*/s/* TINA DAVIS RINCONES
**TINA DAVIS RINCONES**

15