PD-0544&0545&0546-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 6/12/2015 7:55:53 PM
Accepted 6/17/2015 9:32:15 AM
ABEL ACOSTA
CLERK

## NO. PD-0545-15, PD-0544-15, PD-0546-15

### In the
### Court of Criminal Appeals of Texas

Lemarcus Christmas,
    Petitioner,

v.

The State of Texas,
    Respondent.

From the Fourteenth Judicial District Court of Appeals, Cause Numbers
14-13-01102-CR, 14-13-01103-CR, 14-13-01104-CR
and the 434th District Court for Fort Bend County, Texas
Cause No. 12DCR059643; 12DCR059644, 12DCR059645A;
The Honorable Judge Jim Shoemake Presiding

### Petition for Discretionary Review

Jessica Jaramillo-Moreno
State Bar No. 24078733
2512 1st Street
Rosenberg, Texas 77471
281-658-1336 office
281-667-3023 fax
jmjm.esq@gmail.com

## IDENTITY OF PARTIES AND COUNSEL

The following constitutes a list of all parties to the trial court's final judgment and the names and addresses of all trial and appellate counsel:

| | |
|---|---|
| Trial Court Judge | Honorable Jim Shoemake |
| Petitioner/Appellant/Defendant | Lemarcus Christmas |
| Petitioner's trial counsel | Maggie Jaramillo<br>19901 SW Fwy. Ste. 205<br>Sugar Land, TX 77479<br>281-344-8984 office<br>281-239-2925 fax<br>Perez4law@aol.com |
| Petitioner's appellate counsel | Jessica Jaramillo-Moreno<br>2512 1st Street<br>Rosenberg, TX 77471<br>281-658-1336 office<br>281-667-3023 fax<br>jmjm.esq@gmail.com |
| Respondent/Appellant/Petitioner at trial<br>Respondent's counsel<br>At trial and on Appeal | The State of Texas<br>John F. Healey, Jr., District<br>District Attorney Fort Bend<br>County, Texas<br>Fort Bend District<br>Attorney's Office<br>301 Jackson St. Rm. 101<br>Richmond, TX 77469 |

i

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ............................. i

TABLE OF CONTENTS............................................ii

INDEX OF AUTHORITIES.................................... iii

STATEMENT REGARDING ORAL ARGUMENT............iii

STATEMENT OF THE CASE...................................... iii

PROCEDURAL HISTORY.........................................iv

STATEMENT OF JURISDICTION............................... v

GROUNDS FOR REVIEW ......................................... v

Erroneous Double Jeopardy Ruling.................................v

Erroneous Sufficiency of the Evidence Ruling.......................v

REASONS FOR REVIEW............................................ vi

STATEMENT OF FACTS............................................1

SUMMARY OF THE ARGUMENT...............................3

ARGUMENT AND AUTHORITIES ............................ 4

PRAYER FOR RELIEF................................................ 8

CERTIFICATE OF SERVICE ................................... 8

CERTIFICATE OF COMPLIANCE.............................9

APPENDIX ...........................................................10

## INDEX OF AUTHORITIES

**Cases**                                                     **Page**

*Bigon v. State*, 252 S.W.3d, 3604......................4
*Christmas v. State*, (Tex. App., 2015)...................2,4
*Hall v. State*, 225 S.W.3d, 524.......................4
*Parrish v. State*, 869 S.W.3d 352....................4

**Statutes and other authorities**

TEX. CODE. CRIM. PROC. Art. 4.04 §2......................v
TEX. PEN. CODE § 25.07.................................7
TEX. PEN. CODE § 36.05................................6
TEX. PEN. CODE § 36.06................................5
TEX. R. APP. P. 9.4...................................9
TEX. R. APP. P.66.3..................................vi

## STATEMENT REGARDING ORAL ARGUMENT

In the event the petition is granted, the Petitioner requests oral argument. Argument would assist the Court because resolution of the grounds for review depend upon a detailed exploration of the facts of the cases. Further, oral argument would provide this Court with an opportunity to question the parties regarding their positions.

## STATEMENT OF THE CASE

Petitioner, Lemarcus Christmas was charged by indictment with Aggravated Assault Deadly Weapon, Obstruction or Retaliation, Tampering

with a Witness, and Violation of Protective Order. A trial was held in the 434th District Court of Fort Bend County, Texas, with the Honorable Judge Jim Shoemake presiding. Appellant was acquitted of aggravated assault, but convicted by a jury of Obstruction or Retaliation, Tampering with a Witness, and Violation of a Protective Order and sentenced by the Court to 30 years confinement in the Texas Department of Criminal Justice, to be served concurrently, which judgment was signed by the Judge on November 15, 2013. Notice of Appeal was timely given and perfected.

## PROCEDURAL HISTORY

The judgment of Petitioner's conviction was entered on November 15, 2013. Petitioner's notice of appeal was timely filed and perfected. On April 14, 2015, Chief Justice Frost authored and issued with Justices Boyce and McAlly of 14th Court of Appeals in Houston, a published opinion affirming the trial court judgment.[1] A motion for rehearing was not requested. A Motion to Extend Time to File Petition for Discretionary Review was granted. Appellant now files his Petition for Discretionary Review pursuant to Rules 68 of the Texas Rules of Appellate Procedure. Parties in the Court of Appeals: Appellant: Lemarcus Christmas; Appellee: The State of Texas.

iv

---

[1] Christmas v. State, (Tex. App., 2015).

## STATEMENT OF JURISDICTION

This Court has jurisdiction pursuant to article 4.04 §2 of the Texas Code of Criminal Procedure.

## GROUNDS FOR REVIEW

### Ground 1: Erroneous Double Jeopardy Ruling

The court of appeals erred in affirming the trial court's judgment which found the Petitioner guilty of both Tampering with a Witness and Obstruction or Retaliation, rendering multiple punishments for the same offense in violation of the prohibition on double jeopardy. C.R. p. 47, 53[2]

### Ground 2: Erroneous Sufficiency of Evidence Ruling

The court of appeals erred in affirming the trial court's judgment because the evidence offered at the trial court was insufficient to establish beyond a reasonable doubt that Petitioner knew of the bond condition. C.R., p. 52.[3]

---

[2] 12DCR59643, 12DCR059645A respectively
[3] 12DCR059644

# REASONS FOR REVIEW

A. The Court of Appeals' decision conflicts with other Court of Appeals' decisions on the same issues. Tex. R. App. P. 66.3(a).

B. The Court of Appeals has erroneously decided important questions of state and federal law that have not been, but should be, settled by this Court. Tex. R. App. P. 66.3(b).

C. The Court of Appeals has decided important questions of state and federal law in conflict with applicable decisions of the Supreme Court of the United States. Tex. R. App. P. 66.3(c).

## STATEMENT OF FACTS

The court of appeals correctly stated the nature of this case, which is the criminal trial of Lemarcus Christmas, charged by Indictment of Tampering with a Witness, Obstruction or Retaliation, Violation of a Bond Condition, and Aggravated Assault Deadly Weapon Family Violence. Petitioner in this case is Lemarcus Christmas and The Fort Bend County District Attorney's Office is the Respondent. However, more facts are necessary to understand the issues presented.

At trial, Petitioner was convicted of Tampering with a Witness, Obstruction or Retaliation, and Violation of a Bond Condition. The indictment for Obstruction or Retaliation read: "that in Fort Bend County Texas, Lemarcus Ashontay Christmas,…on or about February 4, 2012, did then and there intentionally or knowingly threaten to harm another; to wit: Jessica Graves, by an unlawful act, to wit: assault or murder, in retaliation for or on account of the status of Jessica Graves as a witness or prospective witness. The indictment for Tampering with a Witness read: "that in Fort Bend County, Texas, Lemarcus Ashontay Christmas,…on or about February 4, 2012, did then and there with intent to coerce Jessica Graves, a witness or

1

prospective witness in an official proceeding, to wit: an aggravated assault case, coerce or induce the said Jessica Graves to abstain from, discontinue, or delay the prosecution or testify falsely. The Court's charge stated, "Our law provides that a person commits the offense of tampering with a witness if the person with intent to coerce a witness or prospective witness in an official proceeding, coerces or induces a witness or a prospective witness to abstain from, discontinue or delay the prosecution of the defendant or testify falsely. The charge further defines coercion as "a threat, however communicated to commit an offense, to inflict bodily injury in the future on the person threatened or another..." R.R. Vol. 4, p. 141.

During voir dire, the state conceded that the "same February 4th date" applied to all three cases. R.R. Vol. 1, p. 32. The state described "on or about" by saying, "...Sometimes you do something...and it all involves a course of conduct that may take place over a period of time...It's an ongoing thing where you're still committing the same crime." R.R. Vol. 1, p. 34. In its opinion, the court of appeals employed the cognate pleadings approach of the Blockburger test, which requires a double jeopardy analysis to focus on the facts required to prove the elements of each offense as alleged in the indictment. **Christmas v. State**, (Tex. App., 2015). Also, the state's use of

2

an illegible form was insufficient to prove that Petitioner knew of the bond condition for which he was accused of violating.

## SUMMARY OF ARGUMENT

The court of appeals erred in upholding the trial court judgment convicting Petitioner of both Tampering with a Witness and Obstruction or Retaliation. The Court should have found that Petitioner received multiple punishments for the same offense, which is barred by double jeopardy. Where both convictions were based on the same act, in the same manner, with the same intent, by the same defendant, against the same victim, at the same time, as alleged in the indictment; a double jeopardy issue arises.

Also, the appellate court erred by finding that the evidence offered at trial to prove Petitioner's Violation of a Bond Condition was legally sufficient to support the verdict where an illegible document and vague testimony was offered to prove his knowledge of the condition.

3

## ARGUMENT

I.  **This Court should grant review to correct the appellate court's erroneous application of Blockburger and the factors in Ervin.**

   A.  **The offenses are the same under Blockburger**

   The appellate court erroneously held that the offense of obstruction required proof that appellant threatened the complainant with assault or murder, while the offense of tampering with a witness did not. *Christmas v. State*, (Tex. App., 2015). In prior cases, the Court has held that Double Jeopardy occurs even if there are differing elements of the offenses if the same facts are required to prove both crimes. *Bigon v. State*, 252 SW3d 360. *Hall v. State*, 225 S.W.3d 524. In *Parrish v. State,* the court resolved double jeopardy issues by focusing on the elements alleged in the charging instrument. 869 S.W.3d 352. In the present case, the indictments both alleged that Petitioner committed each offense by a specific act, namely, a threat against the complainant. Thus, the appellate court erroneously affirmed the trial court judgment, in violation of the prohibition against double jeopardy.

4

**B.** **The offenses have a common focus as plead in the indictments**

The appellate court concedes in this case that case law establishes that the "focus" or "gravaman" of a penal provision should be regarded as the best indicator of legislative intent when determining whether a multiple punishments violation has occurred. In this case, the Court held that the focus of Obstruction or Retaliation is result-oriented because the gravaman of the offense is the intent to harm, prevent, or delay a public servant and that the nature of the actor's conduct was inconsequential to the commission of the crime. *Christmas v. State*, (Tex. App., 2015). TEX. PEN. CODE §36.06. In the present case, the actors conduct was specified in the indictment. The Petitioner was alleged to have committed this offense by threat. Therefore, in this case, the nature of the Petitioner's actions were not "inconsequential" as the appellate court suggests. The indictment described a specific act committed by the defendant, which was the threat. In the Tampering indictment, the state alleged that Petitioner intended to coerce

5

the complainant to abstain from, discontinue, or delay prosecution, or to testify falsely. The Court's charge on Tampering defined the term "coerce" to by synonymous with "threat". The Court in Christmas held Tampering to be a conduct-oriented offense, unlike Obstruction even despite the indictment's focus on changing the outcome of complainant's testimony.[4]

Thus, as plead in the indictments, the focus of each charge in the present case was the threat made by the defendant. The court of appeals erroneously determined that the offenses were not the same, because they had different focuses.

C. **The offenses have common punishment ranges**

The Court in Christmas conceded that the punishment ranges were the same for both offenses. *Christmas v. State*, (Tex. App., 2015).

6

---

[4] See Tex. Pen. Code §36.05

**II.** **This Court should grant review to correct appellate court's ruling that the evidence of Violation of a Bond Condition was sufficient to support the trial court's judgment.**

**a. Insufficient evidence of notice as statutory condition**

The court of appeals held in this case that the testimony offered at trial that the magistrate warned the defendant of the existence of a bond condition was sufficient to prove the Violation of Bond Condition. The indictment in this case provides that the defendant "…intentionally or knowingly violated a bond condition…" C.R. p. 6. Because the testimony offered at trial did not clearly establish that defendant knew of the existence of a bond condition, the court of appeals erred by affirming the conviction.

**b. Insufficient evidence of requisite mental state**

Section 25.07 requires the defendant to either "intentionally or knowing" violate a bond condition. TEX. PEN. CODE §25.07. The evidence offered at trial was not sufficient to prove beyond a reasonable doubt that defendant knew of the bond condition. Without proof of such knowledge, a conviction based on a defendant doing something knowingly or intentionally cannot stand.

7

## PRAYER FOR RELIEF

Petitioner respectfully prays that this Court grant review of this case and reverse the judgment of the court of appeals, and remand this case to the trial court for additional proceedings.

Respectfully submitted,

_____
Jessica Jaramillo-Moreno,
Attorney for Petitioner

## CERTIFICATE OF SERVICE

I certify that a copy of this Petition for Review was served on the Fort Bend County District Attorney's Office, via facsimile transmission on June 15, 2015 at 281-341-4440.

_____
Jessica Jaramillo-Moreno,
Attorney for Petitioner

8

# CERTIFICATE OF COMPLIANCE

Pursuant to TEX. R. APP. P. 9.4, I hereby certify that this Petition for Review contains less than 4,500 words. This is a computer-generated document created in Microsoft Word, using 12-point typeface for all text, except for footnotes which are in 12-point typeface. In making this certificate of compliance, I am relying on the word count provided by the software used to prepare the document.

_____
Jessica Jaramillo-Moreno,
Attorney for Petitioner

9

# APPENDIX

TAB

1. Judgments of trial court cause numbers 12DCR059643, 12DCR05964
   12DCR059645A, dated 11/15/2013

2. Charge of the Court cause numbers 12DCR059643, 12DCR059644,
   12DCR059645A, dated 04/15/2013

3. Opinion of Court of Appeals, dated 04/14/2015

4. Judgment of Court of Appeals, dated 04/14/2015

5. Penal Code § 25.07

6. Penal Code §36.05

7. Penal Code §36.06

TAB 1

12-DCR-059643
CONGJV
Conviction — Not Guilty Plea Jury Verdict
2814471

NO. 12-DCR-59643

| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| VS. | § | FORT BEND COUNTY, TEXAS |
| LAMARCUS ANTHONY CHRISTMAS | § | 434TH JUDICIAL DISTRICT |

### JUDGMENT ON JURY VERDICT OF GUILTY
### PUNISHMENT FIXED BY COURT - NO PROBATION GRANTED

Judge Presiding: **James H. Shoemake**
Date of Judgment: **November 15, 2013**
Attorney for State: **Chad Bridges**
Attorney for Defendant: **Maggie Perez-Jaramillo**
Offense Convicted of: **Obstrucition or Retaliation**
Degree: **Third Degree**
Date Offense Committed: **February 4, 2012**
Charging Instrument: **INDICTMENT**
Plea: **NOT GUILTY**
Jury Verdict: **Guilty**    Presiding Juror: **Anthony Ibe**
Plea to Enhancement Paragraph(s): **Not True to all four**
Findings on Enhancement: **State abandoned two and found true
On remaining Harris County priors**
Findings on Deadly Weapon: **N/A**
Costs: **$239.00**    Date Sentence Imposed: **November 15,2013**
Date to Commence: **November 15, 2013**
Punishment and Place of Confinement: **30 Years in the
Institutional Division of the Texas Department of Criminal
Justice**
Time Credit: **654 Days**
Total Amount of Restitution/Reparation: **0**

**CONCURRENT UNLESS OTHERWISE SPECIFIED:**

This day this cause was called for trial, and the State appeared by her District Attorney as named above and the Defendant named above, having been duly arraigned, appeared in person, in open court, his counsel also being present, and both parties announced ready for trial; thereupon a jury of good and lawful person, including the Presiding Juror as named above, and eleven others, was duly selected, impaneled and sworn, according to law; the indictment was read and the defendant entered his plea of not

guilty thereto, and evidence for the State and the Defendant was submitted and concluded, and the Court charged the jury as to the law applicable to said cause, an argument of counsel for the State and the Defendant was duly heard and concluded, and the jury retired in charge of the proper officer to consider of their verdict; and afterward was brought into open court by the proper officer, the Defendant and his counsel being present, and in due form of law returned into open court the verdict indicated above, which was received by the Court and is here now entered upon the minutes of the Court, to-wit:  We, the Jury, find the Defendant, **Lamarcus Anthony Christmas** guilty of **Obstruciton or Retaliation** as charged in the indictment.

                                   /s/
                            PRESIDING JUROR


        Thereupon, the Defendant, **Lamarcus Anthony Christmas** elected to have his punishment fixed by the Court. The Court then directed the Probation Officer to prepare a pre-sentence report and adjourned the hearing. On this, the 15th day of **November, 2013**, the Court reconvened and having heard all the evidence submitted for the State and the Defendant on the question of punishment, fixed the Defendant's punishment at the **Institutional Division of the Texas Department of Criminal Justice**.


        It is THEREFORE CONSIDERED AND ADJUDGED by the Court that the Defendant named above is guilty of the offense named above as found by the jury, and that he be punished as found by the Court, that is by confinement in the Institutional Division of the Texas Department of Criminal Justice for **30** years and that the State of Texas do have and recover of the said Defendant all cost in this prosecution, for which execution may issue.

        And thereupon the said Defendant was asked by the Court whether he had anything to say why sentence should not be pronounced against him, and he answered nothing in bar thereof. Whereupon the Court proceeded, in the presence of said Defendant, to pronounce sentence against him as follows, to wit:  "It is the order of the Court that the Defendant, named above who has been adjudged to be guilty of the offense indicated above, a felony, and whose punishment has been assessed at confinement in the Institutional Division of the Texas Department of Criminal Justice for the period indicated above, be delivered by the Sheriff of Fort Bend County, Texas, immediately to the Director of the Institutional Division of the State of Texas, or other person legally authorized to receive such convicts, and said Defendant shall be confined in said Institutional Division for the period

indicated above, in accordance with the provision of the law governing the Institutional Division of the Texas Department of Criminal Justice."

The said Defendant was remanded to jail until said Sheriff can obey the directions of this sentence.

Signed and entered this ___21___ day of __November__ ,2013.

JUDGE PRESIDING

DEFENDANT'S RIGHT **THUMBPRINT** :

Print taken by:

Signature and Title

FILED

2013 NOV 19 AM 9: 09

CLERK DISTRICT COURT
FORT BEND COUNTY

4

NO. 12-DCR-59644

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| VS. | § | FORT BEND COUNTY, TEXAS |
| LAMARCUS ANTHONY CHRISTMAS | § | 434TH JUDICIAL DISTRICT |

## JUDGMENT ON JURY VERDICT OF GUILTY
### PUNISHMENT FIXED BY COURT - NO PROBATION GRANTED

Judge Presiding: **James H. Shoemake**

Date of Judgment: **November 15, 2013**

Attorney for State: **Chad Bridges**

Attorney for Defendant: **Maggie Perez-Jaramillo**

Offense Convicted of: **Violation of Protective Order**

Degree: **Third Degree**

Date Offense Committed: **February 4, 2012**

Charging Instrument: **INDICTMENT**

Plea: **NOT GUILTY**

Jury Verdict: **Guilty**      Presiding Juror: **Anthony Ibe**

Plea to Enhancement Paragraph(s): **Not True to all four**

Findings on Enhancement: **State abanded two and found true on remaining Harris County priors**

Findings on Deadly Weapon: **N/A**

Costs: **$449.00**      Date Sentence Imposed: **November 15,2013**

Date to Commence: **November 15, 2013**

Punishment and Place of Confinement: **30 Years in the Institutional Division of the Texas Department of Criminal Justice**

Time Credit: **654 Days**

Total Amount of Restitution/Reparation: **0**

## CONCURRENT UNLESS OTHERWISE SPECIFIED:

This day this cause was called for trial, and the State appeared by her District Attorney as named above and the Defendant named above, having been duly arraigned, appeared in person, in open court, his counsel also being present, and both parties announced ready for trial; thereupon a jury of good and lawful person, including the Presiding Juror as named above, and eleven others, was duly selected, impaneled and sworn, according to law; the indictment was read and the defendant entered his plea of not

guilty thereto, and evidence for the State and the Defendant was submitted and concluded, and the Court charged the jury as to the law applicable to said cause, an argument of counsel for the State and the Defendant was duly heard and concluded, and the jury retired in charge of the proper officer to consider of their verdict; and afterward was brought into open court by the proper officer, the Defendant and his counsel being present, and in due form of law returned into open court the verdict indicated above, which was received by the Court and is here now entered upon the minutes of the Court, to-wit: We, the Jury, find the Defendant, **Lamarcus Anthony Christmas** guilty of **Violation of Protective Order** as charged in the indictment.

_____/s/_____
PRESIDING JUROR

Thereupon, the Defendant, **Lamarcus Anthony Christmas** elected to have his punishment fixed by the Court. The Court then directed the Probation Officer to prepare a pre-sentence report and adjourned the hearing. On this, the **15**th day of **November, 2013**, the Court reconvened and having heard all the evidence submitted for the State and the Defendant on the question of punishment, fixed the Defendant's punishment at the **Institutional Division of the Texas Department of Criminal Justice**.

It is THEREFORE CONSIDERED AND ADJUDGED by the Court that the Defendant named above is guilty of the offense named above as found by the jury, and that he be punished as found by the Court, that is by confinement in the Institutional Division of the Texas Department of Criminal Justice for **30** years and that the State of Texas do have and recover of the said Defendant all cost in this prosecution, for which execution may issue.

And thereupon the said Defendant was asked by the Court whether he had anything to say why sentence should not be pronounced against him, and he answered nothing in bar thereof. Whereupon the Court proceeded, in the presence of said Defendant, to pronounce sentence against him as follows, to wit: "It is the order of the Court that the Defendant, named above who has been adjudged to be guilty of the offense indicated above, a felony, and whose punishment has been assessed at confinement in the Institutional Division of the Texas Department of Criminal Justice for the period indicated above, be delivered by the Sheriff of Fort Bend County, Texas, immediately to the Director of the Institutional Division of the State of Texas, or other person legally authorized to receive such convicts, and said Defendant

indicated above, in accordance with the provision of the law governing the Institutional Division of the Texas Department of Criminal Justice."

The said Defendant was remanded to jail until said Sheriff can obey the directions of this sentence.

Signed and entered this 21 day of November ,2013.

JUDGE PRESIDING

DEFENDANT'S RIGHT **THUMBPRINT** .:

Print taken by:

Signature and Title

FILED

2013 NOV 19 AM 9: 09

CLERK DISTRICT COURT
FORT BEND CO. TX

12 – DCR – 069645A
CONGJV
Conviction – Not Guilty Plea Jury Verdict
2814378

NO. 12-DCR-59645A

| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| --- | --- | --- |
| VS. | § | FORT BEND COUNTY, TEXAS |
| LAMARCUS ANTHONY CHRISTMAS | § | 434TH JUDICIAL DISTRICT |

## JUDGMENT ON JURY VERDICT OF GUILTY
## PUNISHMENT FIXED BY COURT - NO PROBATION GRANTED

Judge Presiding: **James H. Shoemake**
Date of Judgment: **November 15, 2013**
Attorney for State: **Chad Bridges**
Attorney for Defendant: **Maggie Perez-Jaramillo**
Offense Convicted of: **Tampering with Witness**
Degree: **Third Degree**
Date Offense Committed: **February 4, 2012**
Charging Instrument: **INDICTMENT**
Plea: **NOT GUILTY**
Jury Verdict: **Guilty**     Presiding Juror: **Anthony Ibe**
Plea to Enhancement Paragraph(s): **Not True to all four**
Findings on Enhancement: **State abandonded two and found true on remaining Harris County priors**
Findings on Deadly Weapon: **N/A**
Costs: **$239.00**     Date Sentence Imposed: **November 15,2013**
Date to Commence: **November 15, 2013**
Punishment and Place of Confinement: **30 Years in the Institutional Division of the Texas Department of Criminal Justice**
Time Credit: **654 Days**
Total Amount of Restitution/Reparation: **0**

**CONCURRENT UNLESS OTHERWISE SPECIFIED:**

This day this cause was called for trial, and the State appeared by her District Attorney as named above and the Defendant named above, having been duly arraigned, appeared in person, in open court, his counsel also being present, and both parties announced ready for trial; thereupon a jury of good and lawful person, including the Presiding Juror as named above, and eleven others, was duly selected, impaneled and sworn, according to law; the indictment was read and the defendant entered his plea of not

guilty thereto, and evidence for the State and the Defendant was submitted and concluded, and the Court charged the jury as to the law applicable to said cause, an argument of counsel for the State and the Defendant was duly heard and concluded, and the jury retired in charge of the proper officer to consider of their verdict; and afterward was brought into open court by the proper officer, the Defendant and his counsel being present, and in due form of law returned into open court the verdict indicated above, which was received by the Court and is here now entered upon the minutes of the Court, to-wit: We, the Jury, find the Defendant, **Lamarcus Anthony Christmas** guilty of **Tampering with Witness** as charged in the indictment.

_____/s/_____
PRESIDING JUROR

Thereupon, the Defendant, **Lamarcus Anthony Christmas** elected to have his punishment fixed by the Court. The Court then directed the Probation Officer to prepare a pre-sentence report and adjourned the hearing. On this, the **15**th day of **November, 2013**, the Court reconvened and having heard all the evidence submitted for the State and the Defendant on the question of punishment, fixed the Defendant's punishment at the **Institutional Division of the Texas Department of Criminal Justice**.

It is THEREFORE CONSIDERED AND ADJUDGED by the Court that the Defendant named above is guilty of the offense named above as found by the jury, and that he be punished as found by the Court, that is by confinement in the Institutional Division of the Texas Department of Criminal Justice for **30** years and that the State of Texas do have and recover of the said Defendant all cost in this prosecution, for which execution may issue.

And thereupon the said Defendant was asked by the Court whether he had anything to say why sentence should not be pronounced against him, and he answered nothing in bar thereof. Whereupon the Court proceeded, in the presence of said Defendant, to pronounce sentence against him as follows, to wit: "It is the order of the Court that the Defendant, named above who has been adjudged to be guilty of the offense indicated above, a felony, and whose punishment has been assessed at confinement in the Institutional Division of the Texas Department of Criminal Justice for the period indicated above, be delivered by the Sheriff of Fort Bend County, Texas, immediately to the Director of the Institutional Division of the State of Texas, or other person legally authorized to receive such convicts, and said Defendant shall be confined in said Institutional Division for the period

shall be confined in said Institutional Division for the period indicated above, in accordance with the provision of the law governing the Institutional Division of the Texas Department of Criminal Justice."

The said Defendant was remanded to jail until said Sheriff can obey the directions of this sentence.

Signed and entered this ___21___ day of ___November___, 2013.

JUDGE PRESIDING

DEFENDANT'S RIGHT THUMBPRINT :

Print taken by:

Signature and Title

FILED

13 NOV 19 AM 9: 09

Ronnie Rebecca Elliott
CLERK DISTRICT COURT
BEND CO. TY

4

TAB 2



CAUSE NO. 12-DCR-059643

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 434th DISTRICT COURT |
| V. | § | OF |
| LAMARCUS ASHONTAY CHRISTMAS | § | FORT BEND COUNTY, TEXAS |

### CHARGE OF THE COURT

LADIES AND GENTLEMEN OF THE JURY:

The defendant, Lamarcus Ashontay Christmas, stands charged by indictment with the offense of obstruction or retaliation, alleged to have been committed on or about February 4, 2012 in Fort Bend County, Texas. The defendant has pled not guilty.

I.

Our law provides that a person commits the offense of obstruction or retaliation if the person intentionally or knowingly threatens to harm another by an unlawful act in retaliation for or on account of the status of the person as a witness or a prospective witness.

II.

A person acts intentionally, or with intent, with respect to a result of his conduct when it is his conscious objective or desire to cause the result.

A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result.

"Unlawful" means criminal or tortious or both and includes what would be criminal or tortious but for a defense not amounting to justification or privilege.

A person commits an "assault" if he intentionally, knowingly, or recklessly causes bodily injury to another, including the person's spouse; or intentionally or knowingly threatens another with imminent bodily injury, including the person's spouse; or intentionally or knowingly causes physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative.

"Bodily injury" means physical pain, illness, or any impairment of physical condition.

A person commits "murder" if he intentionally or knowingly causes the death of an individual; intends to cause serious bodily injury and commits and act clearly dangerous to

1

human life that causes the death of an individual; or commits or attempts to commit a felony, other than manslaughter, and in the course of and in furtherance of the commission or attempt, or in immediate flight from commission or attempt, he commits or attempts to commit an act clearly dangerous to human life that causes the death of an individual.

## III.

Voluntary intoxication is not a legal defense to any alleged criminal action.

## IV.

Now, if you find beyond a reasonable doubt that on or about February 4, 2012, in Fort Bend County, Texas, the defendant Lamarcus Ashontay Christmas did then and there, intentionally or knowingly threaten to harm another, to wit: Jessica Graves, by an unlawful act, to wit: assault or murder, in retaliation for or on account of the status of Jessica Graves as a witness or a prospective witness, then you will find the defendant guilty of obstruction or retaliation, as charged in the indictment.

Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the defendant.

## V.

The prosecution has the burden of proving the defendant guilty and it must do so by proving each and every element of the offense charged beyond a reasonable doubt and if it fails to do so, you must acquit the defendant.

The prosecution is not required to prove the defendant's guilt beyond all possible doubt; however, the prosecution is required to exclude all "reasonable doubt" concerning the defendant's guilt.

## VI.

A grand jury indictment is the means whereby a defendant is brought to trial in a felony prosecution. It is not evidence of guilt nor can it be considered by you in passing upon the issue of the guilt of the defendant. The burden of proof in all criminal cases rests upon the State throughout the trial and never shifts to the defendant.

All persons are presumed to be innocent, and no person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt. The fact that a person has been arrested, confined or indicted, or otherwise charged gives rise to no inference of guilt at his trial. The law does not require a defendant to prove his innocence or produce any evidence at all. The presumption of innocence alone is sufficient to acquit the defendant, unless the jurors

2

are satisfied beyond a reasonable doubt of the defendant's guilt after careful and impartial consideration of all the evidence in the case.

You are instructed that if there is testimony before you in this case regarding the defendant having committed other acts other than the offense alleged against him in the indictment in this case, you cannot consider such other acts, if any, unless you first find and believe beyond a reasonable doubt that the Defendant committed such acts, if any, but if you do not believe, or if you have a reasonable doubt thereof, you will not consider such testimony for any purpose.

Our law provides that a defendant may testify on his own behalf. This, however, is a privilege accorded a defendant, and in the event he elects not to testify, that fact cannot be taken as a circumstance against him. In this case, the defendant has elected not to testify, and you are instructed that you cannot and must not refer to or allude to that fact throughout your deliberations or take it into consideration for any purpose whatsoever as a circumstance against the defendant.

If any juror starts to mention the defendant's election not to testify in this case, then it is the duty of the other jurors to stop him at once.

You are the exclusive judges of the facts proved, of the credibility of the witnesses and the weight to be given their testimony, but the law you shall receive in these written instructions, and you must be governed thereby. You may make reasonable inferences from the evidence admitted.

After you retire to the jury room, you should select one of your members as your Presiding Juror. It is his/her duty to preside at your deliberations, vote with you, and when you have unanimously agreed upon a verdict, to certify to your verdict by using the appropriate form attached hereto, and signing the same as Presiding Juror.

During your deliberations in this case, you must not consider, discuss, nor relate any matters not in evidence before you. You should not consider nor mention any personal knowledge or information you may have about any fact or person connected with this case which is not shown by the evidence.

After you have retired, you may communicate with this Court in writing through this officer. Any communication relative to the cause must be written and prepared by the Presiding Juror and shall be submitted to the court through this officer. Do not attempt to talk to the officer who has you in charge, or the attorneys, or the court, or anyone else concerning any question you may have.

Your sole duty at this time is to determine the guilt or innocence of the defendant under the indictment in this cause and restrict your deliberations solely to the issue of guilt or innocence of the defendant.

3

After you have reached a unanimous verdict, the Presiding Juror will certify thereto by filling in the appropriate form attached to this charge and signing his name as Presiding Juror. Following the arguments of counsel, you will retire to consider your verdict.

8/15/13

JAMES SHOEMAKE
PRESIDING JUDGE
434th DISTRICT COURT
FORT BEND COUNTY, TEXAS

FILED

AUG 1 5 2013 (iv)

AT ___2:56___ P M.

Annie Rebecca Elliott

Clerk District Court, Fort Bend Co., TX

4

CAUSE NO. 12-DCR-059643

| THE STATE OF TEXAS | § | IN THE 434th DISTRICT COURT |
| V. | § | OF |
| LAMARCUS ASHONTAY CHRISTMAS | § | FORT BEND COUNTY, TEXAS |

## VERDICT – NOT GUILTY

We, the Jury, find the defendant Lamarcus Ashontay Christmas  NOT GUILTY of Obstruction or Retaliation, as charged in the indictment.

_____
PRESIDING JUROR

5

CAUSE NO. 12-DCR-059643

| THE STATE OF TEXAS | § | IN THE 434th DISTRICT COURT |
| V. | § | OF |
| LAMARCUS ASHONTAY CHRISTMAS | § | FORT BEND COUNTY, TEXAS |

## VERDICT - GUILTY

We, the Jury, find the defendant Lamarcus Ashontay Christmas GUILTY of Obstruction or Retaliation, as charged in the indictment.

_____
PRESIDING JUROR

**FILED**

AUG 1 5 2013

AT _____ 7:56 P M.

_Annie Rehme Elliott_
Clerk District Court, Fort Bend Co., TX

6



CAUSE NO. 12-DCR-059644

| THE STATE OF TEXAS | § | IN THE 434th DISTRICT COURT |

THE STATE OF TEXAS § IN THE 434th DISTRICT COURT

V. § OF

LAMARCUS ASHONTAY CHRISTMAS § FORT BEND COUNTY, TEXAS

## CHARGE OF THE COURT

LADIES AND GENTLEMEN OF THE JURY:

The defendant, Lamarcus Ashontay Christmas, stands charged by indictment with the offense of violation of a bond condition, alleged to have been committed on or about February 4, 2012 in Fort Bend County, Texas. The defendant has pled not guilty.

I.

Our law provides that a person commits the offense of violation of a bond condition if the person intentionally or knowingly violates the conditions of bond set in a family violence case by intentionally or knowingly committing family violence against a protected person.

II.

A person acts intentionally, or with intent, with respect to a result of his conduct when it is his conscious objective or desire to cause the result.

A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result.

"Family violence" means an act by a member of a family or household against another member of the family or household that is intended to result in physical harm, bodily injury, assault, or sexual assault or that is a threat that reasonably places the member in fear of imminent physical harm, bodily injury, assault or sexual assault, but does not include defensive measures to protect oneself.

"Family" includes individuals related by consanguinity or affinity, as determined under Sections 573.022 and 573.024, Government Code, individuals who are former spouses of each other, individuals who are the parents of the same child, without regard to marriage, and a foster child and foster parent, without regard to whether those individuals reside together.

"Household" means a unit composed of persons living together in the same dwelling, without regard to whether they are related to each other.

1

A person commits an "assault" if he intentionally, knowingly, or recklessly causes bodily injury to another, including the person's spouse; or intentionally or knowingly threatens another with imminent bodily injury, including the person's spouse; or intentionally or knowingly causes physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative.

"Bodily injury" means physical pain, illness, or any impairment of physical condition.

III.

Voluntary intoxication is not a legal defense to any alleged criminal action.

IV.

Now, if you find beyond a reasonable doubt that on or about February 4, 2012, in Fort Bend County, Texas, the defendant Lamarcus Ashontay Christmas did then and there intentionally or knowingly violate the conditions of bond set in a family violence, namely cause no. 11-DCR-057993 by intentionally or knowingly committing family violence against Jessica Graves, to-wit: by threatening her with imminent bodily injury, then you will find the defendant guilty of violation of a bond condition, as charged in the indictment.

Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the defendant.

V.

The prosecution has the burden of proving the defendant guilty and it must do so by proving each and every element of the offense charged beyond a reasonable doubt and if it fails to do so, you must acquit the defendant.

The prosecution is not required to prove the defendant's guilt beyond all possible doubt; however, the prosecution is required to exclude all "reasonable doubt" concerning the defendant's guilt.

VI.

A grand jury indictment is the means whereby a defendant is brought to trial in a felony prosecution. It is not evidence of guilt nor can it be considered by you in passing upon the issue of the guilt of the defendant. The burden of proof in all criminal cases rests upon the State throughout the trial and never shifts to the defendant.

All persons are presumed to be innocent, and no person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt. The fact that a person has been arrested, confined or indicted, or otherwise charged gives rise to no inference of guilt at his trial. The law does not require a defendant to prove his innocence or produce any evidence at

all. The presumption of innocence alone is sufficient to acquit the defendant, unless the jurors are satisfied beyond a reasonable doubt of the defendant's guilt after careful and impartial consideration of all the evidence in the case.

You are instructed that if there is testimony before you in this case regarding the defendant having committed other acts other than the offense alleged against him in the indictment in this case, you cannot consider such other acts, if any, unless you first find and believe beyond a reasonable doubt that the Defendant committed such acts, if any, but if you do not believe, or if you have a reasonable doubt thereof, you will not consider such testimony for any purpose.

Our law provides that a defendant may testify on his own behalf. This, however, is a privilege accorded a defendant, and in the event he elects not to testify, that fact cannot be taken as a circumstance against him. In this case, the defendant has elected not to testify, and you are instructed that you cannot and must not refer to or allude to that fact throughout your deliberations or take it into consideration for any purpose whatsoever as a circumstance against the defendant.

If any juror starts to mention the defendant's election not to testify in this case, then it is the duty of the other jurors to stop him at once.

You are the exclusive judges of the facts proved, of the credibility of the witnesses and the weight to be given their testimony, but the law you shall receive in these written instructions, and you must be governed thereby. You may make reasonable inferences from the evidence admitted.

After you retire to the jury room, you should select one of your members as your Presiding Juror. It is his/her duty to preside at your deliberations, vote with you, and when you have unanimously agreed upon a verdict, to certify to your verdict by using the appropriate form attached hereto, and signing the same as Presiding Juror.

During your deliberations in this case, you must not consider, discuss, nor relate any matters not in evidence before you. You should not consider nor mention any personal knowledge or information you may have about any fact or person connected with this case which is not shown by the evidence.

After you have retired, you may communicate with this Court in writing through this officer. Any communication relative to the cause must be written and prepared by the Presiding Juror and shall be submitted to the court through this officer. Do not attempt to talk to the officer who has you in charge, or the attorneys, or the court, or anyone else concerning any question you may have.

Your sole duty at this time is to determine the guilt or innocence of the defendant under the indictment in this cause and restrict your deliberations solely to the issue of guilt or innocence of the defendant.

3

After you have reached a unanimous verdict, the Presiding Juror will certify thereto by filling in the appropriate form attached to this charge and signing his name as Presiding Juror. Following the arguments of counsel, you will retire to consider your verdict.

8/15/13

JAMES SHOEMAKE
PRESIDING JUDGE
434th DISTRICT COURT
FORT BEND COUNTY, TEXAS

**FILED**

AUG 1 5 2013

AT _____ :5L____ P.M.

Clerk District Court, Fort Bend Co., TX

4

CAUSE NO. 12-DCR-059644

| THE STATE OF TEXAS | § | IN THE 434th DISTRICT COURT |
| V. | § | OF |
| LAMARCUS ASHONTAY CHRISTMAS | § | FORT BEND COUNTY, TEXAS |

## VERDICT – NOT GUILTY

We, the Jury, find the defendant Lamarcus Ashontay Christmas  NOT GUILTY of Violation of a Bond Condition, as charged in the indictment.

_____
PRESIDING JUROR

5

CAUSE NO. 12-DCR-059644

| THE STATE OF TEXAS | § | IN THE 434th DISTRICT COURT |
| V. | § | OF |
| LAMARCUS ASHONTAY CHRISTMAS | § | FORT BEND COUNTY, TEXAS |

## VERDICT - GUILTY

We, the Jury, find the defendant Lamarcus Ashontay Christmas GUILTY of Violation of a Bond Condition, as charged in the indictment.

_____
PRESIDING JUROR

**FILED**

AUG 1 5 2013

AT _____ 7:56 PM.

*Annie Rebecca Elliott*
Clerk District Court, Fort Bend Co., TX

6



CAUSE NO. 12-DCR-59645A

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 434th DISTRICT COURT |
| V. | § | OF |
| LAMARCUS ASHONTAY CHRISTMAS | § | FORT BEND COUNTY, TEXAS |

CHARGE OF THE COURT

LADIES AND GENTLEMEN OF THE JURY:

The defendant, Lamarcus Ashontay Christmas, stands charged by indictment with the offense of tampering with a witness, alleged to have been committed on or about February 4, 2012 in Fort Bend County, Texas. The defendant has pled not guilty.

I.

Our law provides that a person commits the offense of tampering with a witness if the person with intent to coerce a witness or prospective witness in an official proceeding, coerces or induces a witness or prospective witness to abstain from, discontinue or delay the prosecution of the defendant or testify falsely.

II.

"Coercion" means a threat, however communicated: to commit an offense; to inflict bodily injury in the future on the person threatened or another; to accuse a person of any offense; to expose a person to hatred, contempt, or ridicule; to harm the credit or business repute of any person; or to take or withhold action as a public servant, or to cause a public servant to take or withhold action.

"Official proceeding" means any type of administrative, executive, legislative or judicial proceeding that may be conducted before a public servant.

III.

Voluntary intoxication is not a legal defense to any alleged criminal action.

IV.

Now, if you find beyond a reasonable doubt that on or about February 4, 2012, in Fort Bend County, Texas, the defendant Lamarcus Ashontay Christmas did then and there with intent to coerce Jessica Graves a witness or prospective witness in an official proceeding, to wit: an

1

aggravated assault case, coerce or induce the said Jessica Graves to abstain from, discontinue or delay the prosecution of the defendant or testify falsely, then you will find the defendant guilty of tampering with a witness, as charged in the indictment.

Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the defendant.

## V.

The prosecution has the burden of proving the **defendant guilty and** it must do so by proving each and every element of the offense charged beyond a **reasonable** doubt and if it fails to do so, you must acquit the defendant.

The prosecution is not required to prove the defendant's guilt beyond all possible doubt; however, the prosecution is required to exclude all "reasonable doubt" concerning the defendant's guilt.

## VI.

A grand jury indictment is the means whereby a defendant is brought to trial in a felony prosecution. It is not evidence of guilt nor can it be considered by you in passing upon the issue of the guilt of the defendant. The burden of proof in all criminal cases rests upon the State throughout the trial and never shifts to the defendant.

All persons are presumed to be innocent, and no person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt. The fact that a person has been arrested, confined or indicted, or otherwise charged gives rise to no inference of guilt at his trial. The law does not require a defendant to prove his innocence or produce any evidence at all. The presumption of innocence alone is sufficient to acquit the defendant, unless the jurors are satisfied beyond a reasonable doubt of the defendant's guilt after careful and impartial consideration of all the evidence in the case.

You are instructed that if there is testimony before you in this case regarding the defendant having committed other acts other than the offense alleged against him in the indictment in this case, you cannot consider such other acts, if any, unless you first find and believe beyond a reasonable doubt that the Defendant committed such acts, if any, but if you do not believe, or if you have a reasonable doubt thereof, you will not consider such testimony for any purpose.

Our law provides that a defendant may testify on his own behalf. This, however, is a privilege accorded a defendant, and in the event he elects not to testify, that fact cannot be taken as a circumstance against him. In this case, the defendant has elected not to testify, and you are instructed that you cannot and must not refer to or allude to that fact throughout your deliberations or take it into consideration for any purpose whatsoever as a circumstance against the defendant.

2

If any juror starts to mention the defendant's election not to testify in this case, then it is the duty of the other jurors to stop him at once.

You are the exclusive judges of the facts proved, of the credibility of the witnesses and the weight to be given their testimony, but the law you shall receive in these written instructions, and you must be governed thereby. You may make reasonable inferences from the evidence admitted.

After you retire to the jury room, you should select one of your members as your Presiding Juror. It is his/her duty to preside at your deliberations, vote with you, and when you have unanimously agreed upon a verdict, to certify to your verdict by using the appropriate form attached hereto, and signing the same as Presiding Juror.

During your deliberations in this case, you must not consider, discuss, nor relate any matters not in evidence before you. You should not consider nor mention any personal knowledge or information you may have about any fact or person connected with this case which is not shown by the evidence.

After you have retired, you may communicate with this Court in writing through this officer. Any communication relative to the cause must be written and prepared by the Presiding Juror and shall be submitted to the court through this officer. Do not attempt to talk to the officer who has you in charge, or the attorneys, or the court, or anyone else concerning any question you may have.

Your sole duty at this time is to determine the guilt or innocence of the defendant under the indictment in this cause and restrict your deliberations solely to the issue of guilt or innocence of the defendant.

After you have reached a unanimous verdict, the Presiding Juror will certify thereto by filling in the appropriate form attached to this charge and signing his name as Presiding Juror. Following the arguments of counsel, you will retire to consider your verdict.

**FILED**

AUG 1 5 2013

AT _____ 2:54 P.M.

Clerk District Court, Fort Bend Co. : λ

8/15/13

JAMES SHOEMAKE
PRESIDING JUDGE
434th DISTRICT COURT
FORT BEND COUNTY, TEXAS

3

CAUSE NO. 12-DCR-59645A

| THE STATE OF TEXAS | § | IN THE 434th DISTRICT COURT |
| V. | § | OF |
| LAMARCUS ASHONTAY CHRISTMAS | § | FORT BEND COUNTY, TEXAS |

VERDICT – NOT GUILTY

We, the Jury, find the defendant Lamarcus Ashontay Christmas NOT GUILTY of Tampering with a Witness, as charged in the indictment.

_____
PRESIDING JUROR

4

CAUSE NO. 12-DCR-59645A

| THE STATE OF TEXAS | § | IN THE 434th DISTRICT COURT |

THE STATE OF TEXAS § IN THE 434th DISTRICT COURT

V. § OF

LAMARCUS ASHONTAY CHRISTMAS § FORT BEND COUNTY, TEXAS

## VERDICT - GUILTY

We, the Jury, find the defendant Lamarcus Ashontay Christmas GUILTY of Tampering with a Witness, as charged in the indictment.

_____
PRESIDING JUROR

**FILED**

AUG 1 5 2013

AT _____ 7:5__ __ M.

_Annie Rebecca Elliott_
Clerk District Court, Fort Bend Co., TX

5

TAB 3

**Affirmed and Opinion filed April 14, 2015.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-13-01102-CR
### NO. 14-13-01103-CR
### NO. 14-13-01104-CR

---

## LEMARCUS ASHONTAY CHRISTMAS, Appellant

### V.

## THE STATE OF TEXAS, Appellee

---

### On Appeal from the 434th Judicial District Court
### Fort Bend County, Texas
### Trial Court Cause Nos. 12-DCR-059643; 12-DCR-059644; and
### 12-DCR-059645A

---

# OPINION

A jury convicted appellant Lemarcus Ashontay Christmas of obstruction or retaliation (trial court cause number 12-DCR-059643, appeal number 14-13-01102-CR); violation of conditions of bond (trial court cause number 12-DCR-059644, appeal number 14-13-01103-CR), and tampering with a witness (trial court cause number 12-DCR-059645A, appeal number 14-13-01104-CR). In each

case, the trial court sentenced appellant to confinement for 30 years in the Institutional Division of the Texas Department of Criminal Justice and ordered the sentences to run concurrently. Appellant challenges all of these convictions in this appeal. We affirm.

## BACKGROUND

J.G.[1] alleged that appellant, her boyfriend, assaulted her with a deadly weapon. The police did not apprehend appellant at the time. A few months later, officers responded to a call for service at J.G.'s home. J.G. complained of harassment. The police located appellant two blocks from J.G.'s house and arrested him based on the outstanding warrant for aggravated assault. J.G. posted bond so that appellant could be released from jail.

Several months after this incident, appellant began communicating with J.G. in a threatening manner and she obtained a protective order. Along with the original aggravated assault charge, appellant was charged with obstruction or retaliation, tampering with a witness, and violating a condition of his bond. The jury found appellant not guilty of aggravated assault but found him guilty of the remaining charges.

Appellant raises two issues on appeal. First, he contends the convictions for both obstruction or retaliation and tampering with a witness are barred by double jeopardy. Second, appellant asserts that his conviction for violation of a bond condition is not supported by the evidence. For reasons explained below, we overrule both issues.

---

[1] Throughout this opinion we refer to the complainant by her initials.

2

On September 4, 2011, Officer Christopher Vargas responded to a call at J.G.'s home. Vargas knew there was an outstanding warrant for appellant's arrest for aggravated assault. J.G. was alone with her children and fearful. After speaking with J.G., Vargas, along with Officers Irving and Louis, checked the backyard. Appellant was harassing J.G. by turning off the breaker box and yelling at her. While the officers were looking for appellant, J.G. informed them appellant was texting her and said that he could see them. The officers began checking different vehicles and driveways to determine appellant's location. Officer Louis located appellant approximately two blocks from J.G.'s residence. Vargas testified that appellant was trying to walk away from the officers and was not cooperative. Vargas testified appellant is about 6'3" or 6'4" and weighs 200 pounds or more. Vargas pepper-sprayed appellant and ultimately arrested him. Vargas called emergency services to decontaminate appellant from the pepper spray. Appellant was taken to the hospital because he complained that he was having trouble breathing and said he was high on speed. Appellant's demeanor was consistent with being under the influence and, according to the officer, he was "intoxicated with something." Vargas testified that appellant asked him if they found his gun in the backyard. Vargas notified his sergeant and another officer at the location to check the backyard for a gun but the officers did not find any gun.

J.G. testified that on this occasion, appellant called her about "100 times." Appellant said that he was going to cut the wires at the house, and she called the police. After appellant was arrested, J.G. bonded him out. She testified that the papers stated appellant was not to have any contact with her as a condition of the bond. J.G. was sure that appellant understood that he was to have no contact with her. She testified that she continued to have contact with appellant and signed an

affidavit of non-prosecution regarding the aggravated assault and the incident on September 4, 2011. J.G. said she and appellant were not living together but stated that they continued to co-parent and talk.

According to J.G., on January 28, 2012, appellant called her phone "100 times." He followed her to a club and said he was going to cut all four of her tires and that when she left, he was going to "jump on her." J.G. had the police in the club escort her to her car, and she went home. That night, J.G. was upstairs and heard the alarm signal that a door had opened. She looked over the balcony and saw that appellant was inside the house. J.G. called 911, and appellant ran out. J.G. testified that appellant did not have a key. Appellant continued to call her and threaten her. Appellant said when J.G. backed her car out of the garage, he would bust her window, and if she came out the door, he was going to stab her. Photographs of text messages, many threatening, that appellant sent to J.G. were admitted into evidence. J.G. identified the messages as coming from appellant and read them aloud:

> "You better talk to God. I already did this. I already did it on my heart."
>
> "You need to get right with God. I prayed, and I'm ready to go over to the next world."
>
> "You got to pay for what you did. You always think it's okay, and then you play with me with laws[2] trying to make everybody feel sorry for you. I wouldn't care if you was dead."
>
> "It's probably better that way so you can't . . . over nobody else. You are an evil (pause) you need to ask God to forgive you and get right."
>
> "I see the laws sitting down the street right behind that white car."
>
> "I'm about to call everybody phone see if they got your burial

---

[2] J.G. testified "laws" referred to the police.

4

money."[3]

"B your better watch I'm right on you're A."

"I guess you don't see me."

"I'm about to go get [John]."[4]

"I'm right behind you."

"At the day care."

"I'm on you now B."

"I'm on you now. Look behind you B."

"You don't know what I'm riding in, but I got you."

J.G. testified that appellant also called her at work and told her that their son John was choking and that he was taking the boy to the hospital. It was not true.

Three days later, J.G. sought a protective order. Appellant followed her in a car to the courthouse. Appellant continued to call her and when she answered some of the calls, he threatened that he was going to do something to her. J.G. testified that sometimes she was in fear of him hurting her. J.G. left the courthouse, went to the Missouri City Police Department, and spoke to several officers.

Less than a week later, the police came to J.G.'s house and moved her to a safe location. During that time, she received more text messages from appellant:

"Nobody ain't safe."

"Look outside I'm standing."

"Come meet me."

"Ima put the gun up for now."

"I put the gun up. Is you going to come now?"

---

[3] J.G. testified appellant "was referring that he was going to do something to me."

[4] In this opinion, we use the pseudonym "John" for J.G.'s and appellant's son. John was at daycare.

"Just come. It ain't far. I'm right around the corner."

"Come by yourself."

"If the laws come, it's off."

J.G. testified that she received a letter from appellant, which she read aloud:

> Shit, but so much has been said or done to where this shit has to be cleaned up, and I need your help. I don't know where to start, but it has to start somewhere. The way this work is that I have a victim in my case; but since it's you, my case can be dismissed. They are trying to get in contact with you.
>
> First of all, they think we fell out because you had changes on me and that the reason why -- oh, he's saying charges. You had charges on me, and there's a reason why so many charges have been filed. As far as everything else about phone conversations is nothing but a misdemeanor for the threats I made.
>
> All you have to do is say you -- misdemeanor for the threats I made. All you have to do is say you not going to testify against me. I'll explain to your dad, but he probably know what to say. The DA going to ask you about if you okay with the time that he offering me and once you hear, all you have to say is --

## DOUBLE-JEOPARDY CLAIM

In his first issue, appellant claims his convictions for obstruction or retaliation[5] and tampering with a witness[6] are barred by the prohibition against double jeopardy because these two offenses arose out of the same conduct and the complaining witness in each case is the same person. Appellant did not assert his double-jeopardy claim in the trial court and the State argues that appellant has failed to preserve the complaint for appellate review. A double-jeopardy violation may be raised for the first time on appeal when the undisputed facts show that the

---

[5] Tex. Pen. Code Ann. § 36.06(a) (West 2011).

[6] Tex. Pen. Code Ann. § 36.05(a)(1) (West Supp. 2014).

violation is clearly apparent from the face of the record and when enforcement of the usual rules of procedural default serves no legitimate state interest. *Gonzalez v. State*, 8 S.W.3d 640, 643 (Tex. Crim. App. 2000). *See also Bigon v. State*, 252 S.W.3d 360, 369 (Tex. Crim. App. 2008). We first determine whether the undisputed facts show that the violation is clearly apparent from the face of the record. *See Garfias v. State*, 424 S.W.3d 54, 58 (Tex. Crim. App. 2014).

There are three types of double-jeopardy claims: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. *See id.* When, as in this case, a defendant is convicted of two or more crimes in a single trial, only the third type of double-jeopardy violation may occur. *See Ex Parte Herron*, 790 S.W.2d 623, 624 (Tex. Crim. App. 1990). "A multiple-punishments double-jeopardy violation may arise either in the context of lesser-included offenses (when the same conduct is punished under both a greater and a lesser-included statutory offense) or when the same criminal act is punished under two distinct statutory provisions, but the legislature intended only one punishment." *Aekins v. State*, 447 S.W.3d 270, 274 (Tex. Crim. App. 2014); *Garfias*, 424 S.W.3d at 58.

The Legislature has the power to establish and define crimes and few, if any, limitations are imposed upon this power by the Double Jeopardy Clause. *Garfias*, 424 S.W.3d at 58. Thus the true inquiry in a multiple-punishments case is whether the Legislature intended to authorize the separate punishments. *See id.* There are two ways in which legislative intent can be ascertained: by analyzing the elements of the offenses in question, or by identifying the appropriate "unit of prosecution" for the offenses. *See id.* The Court of Criminal Appeals has held that an "elements" analysis is appropriate when the offenses in question come from different statutory sections, while a "units" analysis is employed when the offenses are alternative

7

means of committing the same statutory offense. *See id.* In this case, appellant complains of convictions stemming from different statutory sections, so we must embark on an "elements" analysis to determine whether multiple-punishments principles have been violated. *See id.*

The starting point of an "elements" analysis in the multiple-punishments context is the *Blockburger* test, used to determine whether each of the offenses requires proof of an element that the other does not. *See id.* In making this determination, courts must focus on the elements alleged in the charging instrument—not on the offense as defined in the Penal Code. *See id.* Under this so-called cognate-pleadings approach, double-jeopardy challenges can be made even against offenses that have different statutory elements if the same facts required to convict are alleged in the indictment. *See id.* at 58–59.

But, the *Blockburger* test is only a starting point—it is a rule of statutory construction, not the exclusive indicator of a double-jeopardy violation. *See id.* at 59. The *Blockburger* test cannot allow two punishments for a single course of conduct when the Legislature intended to authorize only one. *See id.* To facilitate this analysis, in *Ervin v. State*, 991 S.W.2d 804 (Tex. (Tex. Crim. App. App. 1999), the Court of Criminal Appeals set forth a list of non-exclusive factors designed to help courts in the absence of clear guidance from the Legislature:

> whether offenses are in the same statutory section; whether the offenses are phrased in the alternative; whether the offenses are named similarly; whether the offenses have common punishment ranges; whether the offenses have a common focus; whether the common focus tends to indicate a single instance of conduct; whether the elements that differ between the two offenses can be considered the same under an imputed theory of liability that would result in the offenses being considered the same under *Blockburger;* and whether there is legislative history containing an articulation of an intent to treat the offenses as the same or different for double-jeopardy purposes.

*Garfias,* 424 S.W.3d at 59 (quoting *Bigon v. State,* 252 S.W.3d 360, 370 (Tex. Crim. App. 2008)). The Court of Criminal Appeals has indicated that the "focus" or "gravamen" of a penal provision should be regarded as the best indicator of legislative intent when determining whether a multiple-punishments violation has occurred. *Id.*

One other factor reviewing courts should consider when making an "elements" analysis is the determination of the allowable unit of prosecution for the offenses in question. *Id.* Although such a determination is a necessary step when a multiple-punishments claim deals with two offenses from the same statutory section, even in an "elements" analysis, such a determination can be indicative of legislative intent. *Id.*

We start with the *Blockburger* test. *See id.* at 58. As charged in this case, the offense of obstruction or retaliation required proof that appellant intentionally or knowingly threatened to harm the complainant by an unlawful act, assault or murder, in retaliation for or on account of her status as a witness or a prospective witness. The offense of tampering with a witness required proof that appellant, with intent to coerce the complainant, a witness or prospective witness in an aggravated assault case, coerced or induced the complainant to abstain from, discontinue or delay appellant's prosecution or testify falsely. The offense of obstruction required proof that appellant threatened the complainant with assault or murder. The offense of tampering with a witness did not require such proof. The *Blockburger* test reveals that each offense, as charged in the respective indictment, contains an element that the other does not. *See id.* at 58–60.

But as this does not end the analysis of whether the Legislature intended for appellant's conduct to be punished multiply, we now consider that question

9

through the lens of the *Ervin* factors outlined above. *See id.* at 60; *Villanueva v. State*, 227 S.W.3d 744, 747 (Tex. Crim. App. 2007).

These two offenses are in different statutory sections and bear different names, but have common punishment ranges. Obstruction or retaliation is a result-oriented offense. *See Herrera v. State*, 915 S.W.2d 94, 98 (Tex. App.—San Antonio 1996, no pet.). The gravamen of the offense is the intent to harm and prevent or delay another as a public servant. *Id.* The nature of the actor's conduct is inconsequential to the commission of the crime. *See Cook v. State*, 884 S.W.2d 485, 489 (Tex. Crim. App. 1994).

The offense of tampering with a witness is a conduct-oriented offense. A person commits the offense if he engages in specified conduct with intent to influence the witness. "When a specific act is criminalized because of its very nature, a culpable mental state applies to committing the act itself and, thus the offense is nature or conduct oriented." *Gonzales v. State*, 270 S.W.3d 282, 288 (Tex. App.—Amarillo 2008, pet. ref'd). The gravamen of the offense is the conduct of influencing or coercing a witness. Thus, the two offenses do not have a common focus that tends to indicate a single instance of conduct.

A determination of the allowable unit of prosecution for the two offenses, which, as noted above, can be indicative of legislative intent in an "elements" analysis, also indicates that the Legislature intended to allow multiple punishments in this case. *See Garfias*, 424 S.W.3d at 61; *Bigon*, 252 S.W.3d at 371. No express statement defining the allowable unit of prosecution is provided by the Legislature; thus the gravamen of the offenses best describes the allowable unit of prosecution. *Garfias*, 424 S.W.3d at 61. As indicated above, the focus of the two offenses differs and therefore the allowable units of prosecution for the two offenses are not the same. *See id.*

The *Blockburger* test, the *Ervin* factors, and a determination of the allowable unit of prosecution indicate that the Legislature intended to allow multiple punishments. As a result, a double-jeopardy violation is not clearly apparent from the face of this record. *See Garfias*, 424 S.W.3d at 58–64; *Gonzalez*, 8 S.W.3d at 643. Appellant has not sustained his burden of presenting a record showing on its face a multiple punishments violation. *See Garfias*, 424 S.W.3d at 58–64; *Gonzalez*, 8 S.W.3d at 643. Accordingly, we overrule appellant's first issue.

## INSUFFICIENT-EVIDENCE CLAIM

In his second issue appellant contends the evidence is insufficient to support his conviction under section 25.07 of the Texas Penal Code for violation of a bond condition because the bond condition failed to meet the statutory requirements of article 17.292 of the Texas Code of Criminal Procedure. *See* Tex. Penal Code Ann. § 25.07 (West, Westlaw through 2013 3d C.S.), and Tex. Crim. Proc. Code Ann. art. 17.292 (West, Westlaw through 2013 3d C.S.). Appellant argues there was no valid order and, alternatively, he did not receive a copy of the order in accordance with article 17.292.[7]

Appellant was charged with and convicted of violating the conditions of bond set in trial court cause number 11-DCR-057993 — aggravated assault with a deadly weapon.[8] Section 25.07(a) provides, in pertinent part:

> (a) A person commits an offense if, in violation of a condition of bond set in a family violence, sexual assault or abuse, or stalking case and related to the safety of a victim or the safety of the community, an

---

[7] Appellant does not contend that he did not violate the bond condition that he have no contact with the complainant or that the evidence was insufficient to establish the violation.

[8] The charge to the jury provided appellant "stands charged by indictment with the offense of violation of a bond condition. . ." and the guilty verdict states, "We, the jury, find the defendant Lamarcus Ashontay Christmas GUILTY of Violation of a Bond Condition, as charged in the indictment.

11

order issued under Article 17.292, Code of Criminal Procedure, an order issued under Section 6.504, Family Code, Chapter 83, Family Code, if the temporary ex parte order has been served on the person, or Chapter 85, Family Code, or an order issued by another jurisdiction as provided by Chapter 88, Family Code, . . .

Tex. Penal Code Ann. § 25.07(a).

Appellant cites no authority that supports his contention that a conviction for this offense must be based on the violation of an order issued under article 17.292. Under the unambiguous language of Penal Code section 25.07(a), a conviction may be based on a violation of a condition of bond that does not satisfy the requirements of article 17.292. *See* § 25.07(a). Appellant's reliance upon *Harvey v. State*, 78 S.W.3d 368 (Tex. Crim. App. 2002), is misplaced as that case concerned the offense of violation of a protective order, not a bond condition. The version of section 25.07 in effect when *Harvey* was decided did not include violation of a condition of bond as an offense. *Id.* at 368 n. 1. Accordingly, we reject appellant's argument that the evidence is insufficient to support his conviction on the grounds the bond condition failed to meet the statutory requirements of article 17.292.

Appellant also contends that the evidence did not establish beyond a reasonable doubt that he knew of the bond condition. The record reflects appellant signed the bail order containing the following language "* Bond condition – no contact with [J.G.]." Judge Sears testified the bond condition was in his handwriting and that in each case the defendant receives a copy of the bond. Judge Sears stated he "would tell him, A [sic] condition of your bond is that you shall have no contact with [J.G.] in this case." Further, J.G. testified that she was sure appellant understood that he was not to have any contact with her as a condition of his bond. We conclude that a rational juror could have found beyond a reasonable doubt that appellant knew a condition of his bond was to have no contact with the complainant. For these reasons, we overrule appellant's second issue.

12

The judgment of the trial court is affirmed.

/s/     Kem Thompson Frost
           Chief Justice

Panel consists of Chief Justice Frost and Justices Boyce and McCally.
Publish — Tex. R. App. P. 47.2(b).

TAB 4

April 14, 2015



## JUDGMENT

## The Fourteenth Court of Appeals

LEMARCUS ASHONTAY CHRISTMAS, Appellant

NO. 14-13-01102-CR
NO. 14-13-01103-CR
NO. 14-13-01104-CR          V.

THE STATE OF TEXAS, Appellee

---

    This cause was heard on the transcript of the record of the court below. Having considered the record, this Court holds that there was no error in the judgment. The Court orders the judgment **AFFIRMED**.

    We further order appellant pay all costs expended in the appeal.

    We further order this decision certified below for observance.

TAB 5

Article: Sec. 25.07. VIOLATION OF CERTAIN COURT ORDERS OR CONDITIONS OF BOND IN A FAMILY VIOLENCE CASE.

(a) A person commits an offense if, in violation of a condition of bond set in a family violence case and related to the safety of the victim or the safety of the community, an order issued under Article 17.292, Code of Criminal Procedure, an order issued under Section 6.504, Family Code, Chapter 83, Family Code, if the temporary ex parte order has been served on the person, or Chapter 85, Family Code, or an order issued by another jurisdiction as provided by Chapter 88, Family Code, the person knowingly or intentionally:

(1) commits family violence or an act in furtherance of an offense under Section 22.011, 22.021, or 42.072;

(2) communicates:

(A) directly with a protected individual or a member of the family or household in a threatening or harassing manner;

(B) a threat through any person to a protected individual or a member of the family or household; or

(C) in any manner with the protected individual or a member of the family or household except through the person's attorney or a person appointed by the court, if the violation is of an order described by this subsection and the order prohibits any communication with a protected individual or a member of the family or household;

(3) goes to or near any of the following places as specifically described in the order or condition of bond:

(A) the residence or place of employment or business of a protected individual or a member of the family or household; or

(B) any child care facility, residence, or school where a child protected by the order or condition of bond normally resides or attends;

(4) possesses a firearm; or

(5) harms, threatens, or interferes with the care, custody, or control of a pet, companion animal, or assistance animal that is possessed by a person protected by the order.

(b) For the purposes of this section:

(1) "Family violence," " family," "household," and "member of a household" have the meanings assigned by Chapter 71, Family Code.

(2) "Firearm" has the meaning assigned by Chapter 46.

(3) "Assistance animal" has the meaning assigned by Section 121.002, Human Resources Code.

(c) If conduct constituting an offense under this section also constitutes an offense under another section of this code, the actor may be prosecuted under either section or under both sections.

(d) Reconciliatory actions or agreements made by persons affected by an order do not affect the validity of the order or the duty of a peace officer to enforce this section.

(e) A peace officer investigating conduct that may constitute an offense under this section for a violation of an order may not arrest a person protected by that order for a violation of that order.

(f) It is not a defense to prosecution under this section that certain information has been excluded, as provided by Section 85.007, Family Code, or Article 17.292, Code of Criminal Procedure, from an order to which this section applies.

(g) An offense under this section is a Class A misdemeanor unless it is shown on the trial of the offense that the defendant has previously been convicted under this section two or more times or has violated the order or condition of bond by committing an assault or the offense of stalking, in which event the offense is a third degree felony.

Added by Acts 1983, 68th Leg., p. 4049, ch. 631, Sec. 3, eff. Sept. 1, 1983. Amended by Acts 1985, 69th Leg., ch. 583, Sec. 3, eff. Sept. 1, 1985; Acts 1987,

70th Leg., ch. 170, Sec. 1, eff. Sept. 1, 1987; Acts 1987, 70th Leg., ch. 677, Sec. 8, eff. Sept. 1, 1987; Acts 1989, 71st Leg., ch. 614, Sec. 23 to 26, eff. Sept. 1, 1989; Acts 1989, 71st Leg., ch. 739, Sec. 4 to 7, eff. Sept. 1, 1989; Acts 1991, 72nd Leg., ch. 366, Sec. 2, eff. Sept. 1, 1991. Renumbered from Sec. 25.08 and

amended by Acts 1993, 73rd Leg., ch. 900, Sec. 1.01, eff. Sept. 1, 1994.
Amended by Acts 1995, 74th Leg., ch. 658, Sec. 2, 3, eff. June 14, 1995; Acts 1995, 74th Leg., ch. 660, Sec. 1, 2, eff. Sept. 1, 1995; Acts 1995, 74th Leg., ch. 1024, Sec. 23, eff. Sept. 1, 1995; Acts 1997, 75th Leg., ch. 1, Sec. 2, eff. Jan. 28, 1997; Acts 1997, 75th Leg., ch. 1193, Sec. 21, eff. Sept. 1, 1997; Acts 1999, 76th Leg., ch. 62, Sec. 15.02(c), eff. Sept. 1, 1999; Acts 2001, 77th Leg., ch. 23, Sec. 1, eff. Sept. 1, 2001; Acts 2003, 78th Leg., ch. 134, Sec. 1, eff. Sept. 1, 2003.

Amended by:

Acts 2007, 80th Leg., R.S., Ch.     , Sec. 2, eff. May 11, 2007.

Acts 2007, 80th Leg., R.S., Ch.      , Sec. 1, eff. January 1, 2008.

Acts 2007, 80th Leg., R.S., Ch.      , Sec. 2, eff. January 1, 2008.

Acts 2009, 81st Leg., R.S., Ch.     , Sec. 19.001, eff. September 1, 2009.

Acts 2011, 82nd Leg., ch. 136 (S.B. 279), §§ 3, 4, effective September 1, 2011.

## Article: Sec. 36.05. TAMPERING WITH WITNESS.

(a) A person commits an offense if, with intent to influence the witness, he offers, confers, or agrees to confer any benefit on a witness or prospective witness in an official proceeding or coerces a witness or prospective witness in an official proceeding:

(1) to testify falsely;

(2) to withhold any testimony, information, document, or thing;

(3) to elude legal process summoning him to testify or supply evidence;

(4) to absent himself from an official proceeding to which he has been legally summoned; or

(5) to abstain from, discontinue, or delay the prosecution of another.

(b) A witness or prospective witness in an official proceeding commits an offense if he knowingly solicits, accepts, or agrees to accept any benefit on the representation or understanding that he will do any of the things specified in Subsection (a).

(c) It is a defense to prosecution under Subsection (a)(5) that the benefit received was:

(1) reasonable restitution for damages suffered by the complaining witness as a result of the offense; and

(2) a result of an agreement negotiated with the assistance or acquiescence of an attorney for the state who represented the state in the case.

(d) An offense under this section is a felony of the third degree, except that if the official proceeding is part of the prosecution of a criminal case, an offense under this section is the same category of offense as the most serious offense charged in that criminal case.

(e) Notwithstanding Subsection (d), if the most serious offense charged is a

capital felony, an offense under this section is a felony of the first degree.

(f) If conduct that constitutes an offense under this section also constitutes an offense under any other law, the actor may be prosecuted under this section, the other law, or both.

Acts 1973, 63rd Leg., p. 883, ch. 399, Sec. 1, eff. Jan. 1, 1974. Amended by Acts 1993, 73rd Leg., ch. 900, Sec. 1.01, eff. Sept. 1, 1994; Acts 1997, 75th Leg., ch. 721, Sec. 1, eff. Sept. 1, 1997; Acts 2011, 82nd Leg., ch. 770 (H.B. 1856), § 1, effective September 1, 2011.

TAB 7

## Article: Sec. 36.06. OBSTRUCTION OR RETALIATION.

(a) A person commits an offense if he intentionally or knowingly harms or threatens to harm another by an unlawful act:

(1) in retaliation for or on account of the service or status of another as a:

(A) public servant, witness, prospective witness, or informant; or

(B) person who has reported or who the actor knows intends to report the occurrence of a crime; or

(2) to prevent or delay the service of another as a:

(A) public servant, witness, prospective witness, or informant; or

(B) person who has reported or who the actor knows intends to report the occurrence of a crime.

(b) In this section:

(1) "Honorably retired peace officer" means a peace officer who:

(A) did not retire in lieu of any disciplinary action;

(B) was eligible to retire from a law enforcement agency or was ineligible to retire only as a result of an injury received in the course of the officer's employment with the agency; and

(C) is entitled to receive a pension or annuity for service as a law enforcement officer or is not entitled to receive a pension or annuity only because the law enforcement agency that employed the officer does not offer a pension or annuity to its employees.

(2) "Informant" means a person who has communicated information to the government in connection with any governmental function.

(3) "Public servant" includes an honorably retired peace officer.

(c) An offense under this section is a felony of the third degree unless the victim of the offense was harmed or threatened because of the victim's service or status as a juror, in which event the offense is a felony of the second degree.

Acts 1973, 63rd Leg., p. 883, ch. 399, Sec. 1, eff. Jan. 1, 1974. Amended by Acts 1983, 68th Leg., p. 3238, ch. 558, Sec. 4, eff. Sept. 1, 1983; Acts 1989, 71st Leg., ch. 557, Sec. 1, eff. Sept. 1, 1989; Acts 1993, 73rd Leg., ch. 900, Sec. 1.01, eff. Sept. 1, 1994; Acts 1997, 75th Leg., ch. 239, Sec. 1, eff. Sept. 1, 1997; Acts 2001, 77th Leg., ch. 835, Sec. 1, eff. Sept. 1, 2001; Acts 2003, 78th Leg., ch. 246, Sec. 1, eff. Sept. 1, 2003.